**Virdilla MOE, Plaintiff-Appellant,**

v.

**BLUE SPRINGS TRUCK LINES, INC., a
Corporation, and Herbert T. Casteel,
Defendants-Respondents.**

No. 52961.

Supreme Court of Missouri,
Division No. 1.

March 11, 1968.

Motion for Rehearing or for Transfer to
Court En Banc Denied April 8, 1968.

John C. Thurlo, Richard K. Andrews, Kansas City, for appellant; Swanson, Midgley, Jones, Eager & Gangwere, Kansas City, of counsel.

E. E. Thompson, Thos. J. Conway, Jr., Kansas City, for defendants-respondents; Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel.

LAURANCE M. HYDE, Special Commissioner.

Action for $25,000.00 damages for personal injuries sustained when defendant's truck struck the rear of plaintiff's car. Verdict and judgment for defendants and plaintiff has appealed.

The only issue here is whether it was prejudicial error for the court to refuse to admit in rebuttal the record of the defendant truck driver's conviction in the magistrate court of Jackson County on a plea of guilty to a charge of unlawfully operating a motor vehicle in a careless and imprudent manner.

Plaintiff was driving a Mercury automobile. The truck driver (hereinafter called defendant) was driving a two-ton Chevrolet truck for his employer, defendant Blue Springs Truck Lines, Inc. Both were driving north on State Highway 7, a blacktop road about 24 feet wide, approaching its intersection with U. S. Highway 40, a four-lane divided east and west road. Highway 7 sloped gradually from south to north from the crest of a hill about a quarter of a mile to the south. About 10:00 A.M. on July 12, 1963, plaintiff approached the intersection behind another car. She had her niece, 9 years old, and two stepdaughters, 7 and 11, in the car with her. Plaintiff said the traffic light at the intersection turned yellow and car ahead of her stopped and she stopped several feet behind it. Plaintiff said while the traffic light was red and while her car remained standing her car was struck violently from the rear by defendant's truck. Defendant said, seeing the red light he kept pressure on his brakes approaching the intersection, but when he got within 125 to 150 feet of plaintiff's car the light turned green; and that plaintiff's car then moved forward for a distance about its length and suddenly stopped without warning. At that time defendant said he was about 50 feet behind plaintiff's car and set his brakes but the truck slid into the car, the front bumper of truck struck its left rear fender, going about five miles per hour. He said plaintiff's car was knocked forward six or eight feet. It was raining and the pavement was wet. Plaintiff in her rebuttal evidence showed by the testimony of a State Highway Patrolman that at this time defendant said to him: "The pavement was wet, and I just couldn't stop."

At the close of defendant's evidence, plaintiff offered as a part of its rebuttal evidence the record of defendant's conviction in the magistrate court for his conduct on the occasion involved. Admission was refused on objection that it was improper rebuttal and an improper attempt to impeach his credibility. The court's view was it would only be proper rebuttal if he had been asked "on cross examination whether or not he had been convicted of a misdemeanor and he had denied it." However, Sec. 491.050, RSMo, V.A.M.S., provides as to a witness: "[C]onviction may be proved to affect his credibility, either by the record or by his own cross-examination." Wigmore on Evidence, Third Edition, Vol. VI, p. 517, states: "(W)hile the trial Court's determination of what is properly rebutting evidence should be respected, yet, if its nature as such is clear, the proponent does not need the trial Court's express consent to admit it as involving a departure from the customary rule. This will always be the case for evidence offered to *impeach the opponent's witnesses* by way of moral charac-

ter, bias, self-contradiction, or the like. This doctrine is justly applied also where the proponent has found it necessary or desirable, by reason of the *opponent's cross-examination,* partly to *anticipate his case in rebuttal* by going into it during his case in chief,—for example, on a redirect examination; here he may take up the same subject again during the rebuttal." As to the necessity of inquiry in cross-examination, we pointed out the distinction between showing statements and acts or conduct in Barraclough v. Union Pacific R. Co., 331 Mo. 157, 52 S.W.2d 998, 1001, 1002, as follows: "It seems reasonable, however, as stated by Wigmore on Evidence, Vol. 2, p. 343, § 953, (now Vol. 3, p. 512, 3rd Edition) that the rule requiring preliminary inquiry of the witness before offering evidence to show his bias 'applies only to utterances, not to conduct or circumstances, such as an assault or an employment.' Other illustrations of facts or circumstances which it is proper to show on the issue of bias without a preliminary inquiry of the witness are: Relationship to a party by blood or marriage, pendency of litigation between the witness and the party against whom he testifies, and a quarrel or trouble between them. * * * The Missouri decisions do not seem to be in conflict with this rule. This court has recently said that 'the interest or bias of witnesses with respect to the issues on trial is never an irrelevant or collateral matter.'" See also annotation, 87 A.L.R. 407, 470; State v. Pigques, Mo.Sup., 310 S.W.2d 942, 950.

■ Our view is that impeachment of a defendant's witness by showing inconsistent circumstances, acts or conduct is always proper rebuttal, regardless of inquiry by cross-examination. As to methods to be used, we said in Hoover v. Denton, Mo.Sup., 335 S.W.2d 46, 48: "If the witness evades or equivocates (on cross-examination, citing cases) the record should be received. If he denies the conviction, the record should be received. And, in the first instance, the party opposing the witness may elect which route he will take, —cross-examination or proof by the record." The statute says so and it means what it says. See State v. Spivey, 191 Mo. 87, 90 S.W. 81, 88; State v. Brooks, 202 Mo. 106, 100 S.W. 416, 419. Our conclusion is that the rule as to admission of circumstances, acts or conduct should apply to a conviction, especially since our statute gives the option of either proof by the record or by cross-examination, so proof by the record is all that is required. Plaintiff's counsel clearly stated the purpose of the record he sought to introduce was to rebut defendant's credibility. Our conclusion is that it was error to refuse it and we hold this error was prejudicial because the determining fact issues depended on credibility, with plaintiff saying the traffic light was red when her car was struck and defendant saying it was green; and with plaintiff saying her car remained standing still waiting for the red light to change until it was struck by defendant's truck; and defendant saying plaintiff started forward on a change to a green light and then made a sudden stop. See Merk v. St. Louis Public Service Co., Mo.Sup., 299 S.W.2d 446, 451.

■ Defendant says proof by the record in rebuttal prevents any explanation, citing Howard v. Riley, Mo.Sup., 409 S.W.2d 154; Nichols v. Blake, Mo.Sup., 418 S.W.2d 188; Johnson v. Tucker, Ky., 383 S.W.2d 325; Kelly v. King, Miss, 196 So.2d 525; Annotation, 18 A.L.R.2d 1311; to show that explanation of a conviction is permitted in a civil case. These cases consider the effect of a plea of guilty as an admission against interest and do not rule on the effect of Sec. 491.050. There is such a thing as surrebuttal, 53 Am.Jur. 108, Trial, Sec. 122; 88 C.J.S. Trial § 103, page 217, and the trial court has considerable discretion concerning it. See 5A C.J.S. Appeal and Error § 1605, page 102. Since a plea of guilty as to the occurrence involved may be considered also as an admission it would be proper to permit explanation.

The judgment is reversed and cause remanded.

PER CURIAM.

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the Court.

All concur.