Gerald L. McINTOSH, a minor, by Kenneth McIntosh, his next friend, Plaintiff-Appellant,

v.

FORD MOTOR COMPANY, a corporation, and Schanzmeyer Ford, Inc., Defendants-Respondents.

No. 34778.

Missouri Court of Appeals, St. Louis District.

Nov. 20, 1973.

Motion for Rehearing or Transfer Denied Jan. 16, 1974.

Rehearing Denied Jan. 18, 1974.

Application to Transfer Denied March 11, 1974.

Hearnes, Padberg, Raack, McSweeney & Slater, St. Louis, for plaintiff-appellant.

Robertson, Ely & Wieland, Robert C. Ely, William B. England, St. Louis, for defendants-respondents.

GUNN, Judge.

Civil suit for damages on the theory of strict product liability involving a pick-up truck going off the road, allegedly due to a defective drive shaft, resulting in injury to the minor plaintiff. Jury verdict was for the defendants and plaintiff appeals. We affirm the judgment.

The sole issue presented by the plaintiff is whether the trial court erred in permitting evidence that plaintiff's father, the driver of the truck, had pleaded guilty in magistrate court to a charge of careless and imprudent driving in connection with the accident.

The accident occurred shortly after midnight as Kenneth McIntosh, plaintiff's father, was driving his Ford pick-up truck on Missouri Highway 94. The plaintiff was a passenger in the truck. Plaintiff's father testified that the truck became difficult to handle; that he heard a noise and that it felt as though the brakes had locked. The truck went off the road, and the plaintiff was injured. Plaintiff's father testified that he was not responsible for the truck leaving the road. A portion of the drive shaft was found on the road after the accident.

On cross-examination of plaintiff's father, the attorney for defendant Ford Motor Company asked plaintiff's father whether he had pleaded guilty in magistrate court to a charge of careless and imprudent driving in connection with his driving of the truck in the accident. Over objection, plaintiff's father responded that he had pleaded guilty to the charge. On redirect examination, plaintiff's father testified that he had pleaded guilty only because it was less expensive for him to do so rather than retaining the services of an attorney to represent him.

Plaintiff argues that it was prejudicially erroneous for the trial court to permit examination as to the charge of careless and imprudent driving for the reason that the charge was unintelligible and null; that the attack on the plaintiff's father's credibility through impeachment by inadmissible evidence was erroneous.

Defendants emphasize that the purpose of the interrogation was to show a prior inconsistent statement by plaintiff's father, after he had testified in trial that the cause of the accident was other than his and that he did nothing to cause the truck to go out of control and leave the road. Defendants cite Moe v. Blue Springs Truck Lines, Inc., 426 S.W.2d 1 (Mo.1968) in support of their position.

In Moe v. Blue Springs Truck Lines, Inc., *supra,* it was held to be prejudicial error to refuse evidence of a magistrate court conviction of careless and imprudent driving for the purpose of attacking the credibility of the defendant. While Moe v.

Blue Springs specifically concerns impeachment and credibility issues, it also refers to inconsistent conduct and actions of witnesses. We believe that the holding in the Blue Springs case is felicitous here and sufficiently broad in scope to embrace the circumstances of this case. We therefore hold that it was not error to permit defendants to cross-examine plaintiff's father with regard to his plea of guilty to a charge of careless and imprudent driving arising out of the accident for the purpose of showing a prior inconsistent statement, particularly where plaintiff's father was permitted an explanation of his actions.

The judgment is affirmed.

CLEMENS, Acting P. J., and McMILLIAN, J., concur.