STATE of Missouri,
Plaintiff-Respondent,

v.

Michael Eugene MOONEY,
Defendant-Appellant.

No. 41254.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 12, 1986.

---

Kent Fanning, Asst. Pros. Atty., St. Charles County, for plaintiff-respondent.

Timothy A. Braun, St. Charles, for defendant-appellant.

SIMON, Judge.

Michael Eugene Mooney (Mooney) was convicted of molestation of a minor, § 563.-160 RSMo 1969, in the Circuit Court of St. Charles County on November 22, 1978 and sentenced to a term of four years of imprisonment. Mooney filed an appeal with this court on January 15, 1979. The cause was remanded to allow Mooney to file an amended motion for a new trial so that evidence of a recantation by the victim and

sole eyewitness, S.W., could be considered by the trial court and made a part of the record. The evidence was discovered by Mooney more than six months after the time for filing an amended motion for a new trial had expired. *State v. Mooney*, 670 S.W.2d 510, 516 (Mo.App.1984) (hereinafter *Mooney I*).

During the interim, all proceedings on *Mooney I* were stayed. The other points raised by defendant in *Mooney I* remained intact in our court, pending the trial court's ruling on Mooney's amended motion for a new trial. We ruled in *Mooney I* that if the amended motion for a new trial was denied, "the denial may be urged as error on the pending appeal, if appellant so desires." *Mooney*, 670 S.W.2d at 516.

Mooney's amended motion for a new trial was denied on February 5, 1985 and we were so notified by the Clerk of the Circuit Court of St. Charles County on March 15, 1985. On August 20, 1985 this court ordered Mooney to file a Supplemental Legal File and a Transcript and gave him permission to file a Supplemental Brief if he so chose. Mooney complied with this court's order, but declined to submit a Supplemental Brief. Oral argument was heard on June 4, 1986. Mooney contended during oral argument that the trial court erred in denying his amended motion for a new trial.

During oral argument, Mooney urged us to consider the trial court's denial of his amended motion for a new trial. However, he failed to file a supplemental brief and therefore did not brief this "point relied on." Appellate review will only be made of matters raised in the "points relied on" in an appellant's brief. *State v. Hanson*, 587 S.W.2d 895, 903 (Mo.App.1979); Rule 30.06. However, whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom. Rule 30.20.

The sole issue before the trial court hearing defendant's amended motion for a new trial was whether the recantation by S.W., the prosecuting victim and sole eyewitness, was credible. Our Supreme Court has set our standard of review in *State v. Harris*, 428 S.W.2d 497, 501 (Mo.1968).

Recantation by a witness called on behalf of the prosecution does not necessarily entitle accused to a new trial. The question whether a new trial shall be granted on this ground depends on all the circumstances of the case, including the testimony of the witnesses submitted on the motion for the new trial, and its determination is left to the sound discretion of the trial court free from interference except for abuse of such discretion. Moreover, recanting testimony is exceedingly unreliable, and is regarded with suspicion; and it is the right and duty of the court to deny a new trial where it is not satisfied that such testimony is true.

Thus, if S.W. truthfully recanted, there was no substantial evidence to support the verdict. If the trial court abused its discretion in not finding the recantation to be true, plain error affecting substantial rights resulting in manifest injustice was clearly committed by the trial court. Therefore, we review the trial court's denial of Mooney's amended motion for a new trial under Rule 30.20, as point three. In points one and two still pending from *Mooney I*, Mooney contends that the trial court erred in 1) overruling his objection to the prosecutor's personalizing of the jury during the voir dire examination and 2) sustaining the state's objection to his effort to recall a defense witness to testify regarding S.W.'s threats to her and damage to her place of employment, following her testimony on Mooney's behalf.

Mooney does not challenge the sufficiency of the evidence.

According to the state's evidence, S.W., a fifteen year old boy, was, at approximately 9:30 p.m. on June 19, 1978, molested by Mooney. The scene of the molestation was in the rear of a building housing a Seven-Eleven Store on Briscoe Street in O'Fallon, Missouri. S.W. was the only witness testifying to the facts of the molestation.

On July 12, 1979, more than six months after the trial for the filing of a motion for new trial and a hearing on the same, S.W. told Pamela Cook, one of Mooney's alibi witnesses, that he had made up his testimony at trial. Cook taped S.W.'s recantation and delivered the tape to defendant's counsel.

Mooney's Exhibit A, the tape recording of S.W.'s recantation, and Exhibit B, a typed transcript of Exhibit A, are a part of the record on appeal. The state has stipulated that the voice on the tape recording is that of S.W.

In his first point, Mooney contends the trial court erred in overruling his objection to the prosecutor's personalizing the jury during the voir dire examination. The relevant part of the transcript is set forth below.

> MR. FANNING: And the other question, on this particular jury panel, I believe I went through it—the great majority of people on this jury panel have children, some older children, some younger children and no doubt all of the jury panel has children or even those who don't might worry about this particular crime happening to their children. But you are not going to find the defendant guilty—
>
> MR. BRAUN: I object. He is personalizing the jury.
>
> THE COURT: Overruled as to this question.
>
> MR. FANNING: You are not going to find the defendant guilty just because you have some children, are you?
>
> VENIREMAN: I don't think so.
>
> MR. FANNING: Will everyone here base their decision on the case not because they have children,
>
> MR. FANNING: Will everyone here base their decision on the case not because they have children, but based on the evidence that's presented by myself and Mr. Braun today?
>
> VENIREMAN: I think so.
>
> MR. FANNING: Thank you. That's all we ask. Just base your decision on the evidence. That's all we want you to do. Does anyone else have any similar problems?

■ Our standard of review of trial court rulings regarding voir dire has been set out by our Supreme Court in *State v. Smith*, 649 S.W.2d 417, 428 (Mo. banc 1983): "Rulings of the trial court during voir dire will be disturbed on appeal only where the record shows an abuse of discretion [citation omitted] and a real probability of injury to the complaining party [citation omitted]." We look to the record, and examine the context of the voir dire question in assessing whether the complaining party was prejudicially injured.

■ During voir dire, wide latitude in the examination of the panel is allowed so the parties will be enabled to select a fair and impartial jury. *State v. Lumsden*, 589 S.W.2d 226, 229 (Mo. banc 1979). However, there must be no conduct by argument, or otherwise, in which the prosecutor personalizes to the jurors engendering fear of future crimes by the defendant against themselves or their families. *State v. Tiedt*, 357 Mo. 115, 206 S.W.2d 524, 526–528 (1947); *State v. Long*, 684 S.W.2d 361 (Mo.App. banc 1984).

■ The prosecutor's voir dire question, to which Mooney objected and was overruled, was a personalization to the veniremen which engendered fear among them for the safety of their children. The prosecutor was promoting through personalizing, a fear among the veniremen that their children could also be molested and thus exceed the proper bounds.

However, reviewing the contested question in context, the prosecutor's overall inquiry becomes clear. He was trying to determine whether the veniremen would judge the defendant on the basis of their personal fears associated with the nature of the charged offense. The thrust of the examination was legitimate, not inflammatory, or prejudicial. The prosecutor's final words to the veniremen were an exhortation to base their decision on the evidence, and not on fear.

The prosecutor was attempting to determine if the veniremen could render a just decision not based on any fear of their children being molested. Indeed, he was acting as the *Tiedt* court said a prosecutor should. He was acting as a quasi-judicial officer, assuring the fairness of the trial. *Tiedt*, 206 S.W.2d at 526. Viewing the prosecutor's question in light of the record, and in context, we conclude Mooney was not prejudicially harmed by the trial court's failure to sustain defendant's objection. The point is without merit.

In his second point, Mooney argues the trial court erred in sustaining the state's objection his recall of Mrs. Pat Kennett. His offer of proof indicated Kennett would testify that after serving as a defense witness she was visited at her place of employment by S.W. While there, S.W. threatened "to get her" for testifying against him, and damaged property. In his offer of proof, Mooney argued that Kennett's proposed testimony was relevant on the issue of S.W.'s credibility.

■ The rationale for allowing evidence of a witness's bias is to provide the fact finders with data by which they can assess the credibility of a witness. The spirit which animates a witness is always a proper subject of inquiry, in order that the jury may place a proper estimate upon the value and importance of his testimony. *State v. Breeden*, 58 Mo. 507, 508 (1875). The fact finder has a right to know what motives and influences operated upon a witness's mind, in order to know what weight to give the testimony. *State v. Beaver*, 621 S.W.2d 361, 362 (Mo.App.1981).

No foundation is required where the evidence of bias or prejudice of the adverse witness is conduct rather than prior utterances of the witness sought to be impeached. *State v. Beaver*, 621 S.W.2d 361, 363 (Mo.App.1981). It is always relevant to show the interest or bias of a witness, even though such evidence has no bearing on the issues of the case. *State v. Gloss*, 554 S.W.2d 426, 429 (Mo.App.1977).

When conduct is offered to show bias, an inference is being made. The inference is from the act or conduct, to the feelings inspiring it. The only question is whether from the conduct or language, a palpable and more or less fixed hostility (to one party) or sympathy (for the other) is inferable. Wigmore, Evidence § 950. This question is for the discretion of the trial court. *State v. Punshore*, 133 Mo. 44, 34 S.W. 25, 28 (Mo.1896). Wigmore, Evidence § 950. Absent a clear abuse of discretion, we will not disturb the trial court's ruling. *Glass*, 554 S.W.2d at 429.

■ The state argues that the fact S.W.'s conduct followed Kennett's testimony makes it irrelevant to show bias. Whether S.W. acted subsequent to or prior to Kennett's trial testimony is immaterial. The critical issue is whether S.W.'s conduct so strongly gave rise to an inference of hostility against Mooney, that the denial of Mooney's request to allow Kennett to testify regarding S.W.'s conduct was an abuse of discretion by the trial court. S.W.'s behavior can be interpreted as indicative of bias toward Mooney just as well as it can be interpreted as indicative of S.W.'s anger at Kennett for opening the possibility of Mooney being set free. It is a plausible inference from Kennett's proposed testimony that S.W. was disconcerted with the thought that the man on trial for molesting him might be set free. S.W. irrationally proceeded to ventilate his frustrations upon the person whom he felt was responsible for this potential result. We cannot say S.W.'s behavior strongly indicates S.W. was biased. Thus, the barring of Kennett's testimony regarding S.W.'s behavior was not an abuse of discretion. Defendant's point must be denied.

In his third point, which we review under the plain error rule, Rule 30.20, defendant alleges the trial court erred in not granting his amended motion for a new trial based on S.W.'s recantation.

■ We have reviewed the proceedings of the new trial hearing and have considered S.W.'s recantation. It was for the trial court to decide whether S.W.'s recantation was true. *Harris*, 428 S.W.2d at

501. We find no abuse of discretion. Defendant's third point is without merit.

The judgment of the trial court is affirmed.

GARY M. GAERTNER, J., concurs.

KAROHL, P.J., concurs in result.