**STATE of Missouri, Respondent,**

v.

**Clarence HUNTER, Appellant.**

No. 57252.

Supreme Court of Missouri, Division No. 2.

June 11, 1973.

John C. Danforth, Atty. Gen., Jefferson City, for respondent.

James L. McMullin, Kansas City, for appellant.

STOCKARD, Commissioner.

Clarence Hunter has appealed from the judgment entered pursuant to jury verdict whereby he was found guilty of robbery in the first degree and sentenced to imprisonment for a term of five years. The notice of appeal was filed prior to January 1, 1972. Appellate jurisdiction is in this court.

Appellant does not challenge the sufficiency of the evidence. It is sufficient to say that a jury reasonably could find that

at the time and place alleged in the information, appellant, acting with two others, robbed Wallace Young of money and property.

Appellant first contends that the verdict directing instruction was erroneous because it "failed to require a finding of an essential element of the crime charged—the means by which the victim was put in fear."

The information charged robbery in the first degree with a dangerous and deadly weapon, a knife, but the State elected to submit, as it was entitled to do, robbery in the first degree in violation of § 560.120, RSMo 1969, V.A.M.S., without reference to the use of a deadly weapon. State v. Gabriel, 342 Mo. 519, 116 S.W.2d 75 (1938); State v. Spencer, 486 S.W.2d 433 (Mo.1972). The contention here presented was expressly ruled in State v. Mares, 486 S.W.2d 215 (Mo.1972). There it was contended that the verdict directing instruction submitting robbery in the first degree was erroneous because it "failed to require a finding of * * * [the] means by which the victim was put in fear." It was noted that the instruction in that case was in the form of Instruction 7.60 of the Missouri Bar Association Draft Pattern Criminal Instructions and that one of the purposes of those instructions was to eliminate unnecessary material and to submit only the ultimate issue to the jury. It was then held that the ultimate issue was the taking of the property by putting the victim of the robbery in fear of some immediate injury to his person, and that the instruction which submitted the issue of placing in fear in substantially the language of the statute was sufficient. Appellant's contention is without merit.

Appellant next asserts that the court erred in refusing his request for a mistrial when the prosecuting attorney "for the first time suggested a penalty" in the closing argument. This contention is without merit for two reasons.

First. The trial court sustained appellant's objection to the argument and instructed the jury to disregard it. Whether a mistrial should be granted for improper argument is a matter for the exercise of discretion on the part of the trial court. State v. King, 334 S.W.2d 34 (Mo.1960). We find no abuse of discretion in the circumstances of this case.

Second. The range of punishment for the offense of which appellant was found guilty is "imprisonment in the penitentiary for not less than five years." § 560.135, RSMo 1969, V.A.M.S. The punishment imposed by the jury was the minimum. In no event could appellant have been prejudiced by the argument.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.