**Arthur Lee TAYLOR,
Defendant-Appellant,**

v.

**STATE of Missouri, Plaintiff-Respondent.**

**No. 36917.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

March 1, 1977.

Robert C. Babione, Public Defender, Christelle Adelman-Adler, Mary Louise Moran, Asst. Public Defenders, St. Louis, for defendant-appellant.

John Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Julian D. Cosentino, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Movant has appealed the trial court's order overruling his Rule 27.26 motion to vacate a judgment convicting movant of first degree robbery. On appeal, movant argues that his conviction should be set aside because he was denied effective assistance of counsel and because he was improperly charged with the crime for which he was convicted. We find movant's assertions to be destitute of merit and affirm the trial court's action.

On an appeal from the denial of a 27.26 motion, the burden is on the movant to establish his right to relief, and our review is limited to a determination whether the trial court was clearly erroneous in its ruling. *Nelson v. State*, 537 S.W.2d 689 (Mo.App.1976); [1] Rule 27.26(j).

Defendant was convicted of the first degree robbery of a St. Louis laundromat operator. The conviction was based on the positive identification of the defendant at the scene of the crime by two witnesses other than the victim. The conviction was affirmed in *State v. Taylor*, 496 S.W.2d 822 (Mo.1973). The primary thrust of movant's 27.26 petition springs from the assertion of ineffective assistance of counsel—a heavy burden for movant to carry. *Nelson v. State*, supra.

Movant first asserts that his trial counsel failed to make an adequate investigation of the case, particularly in failing to interview witnesses at a liquor store near the laundromat. At the 27.26 hearing, movant's trial counsel refuted such contention, and the trial court accepted the trial counsel's testimony as more worthy of belief, which, of course, is proper. *Trice v. State*, 540 S.W.2d 613 (Mo.App.1976).

1. In *Nelson v. State*, supra, Judge Simeone has set forth in elegant detail the established principles guiding our Rule 27.26 review, including the tests for measuring the effectiveness of counsel assistance.

**290**

■ Movant's next contention is that his trial counsel failed to call certain material witnesses to testify. The trial counsel related that he interviewed all the prospective witnesses movant suggested to him but that in his opinion those not called would have added nothing to movant's defense or aided him in any way, because they were unable to account for movant's location at the time of the crime. The determination of which witnesses to call and how best to defend the case is a matter of trial strategy. *Williams v. State*, 536 S.W.2d 190 (Mo. App.1976). Under the circumstances here we do not find the trial counsel's action incompetent or that movant was deprived of a fair trial thereby. *Nelson v. State*, supra; *Williams v. State*, supra.

■ Movant's next challenge to his counsel's abilities concerns the counsel's failure to object to two witnesses' in-court identifications of the movant as the perpetrator of the crime. Movant's counsel was successful in suppressing the identification testimony of the victim based on a police station confrontation. Two other eye witnesses gave in-court identifications of movant as having committed the crime based on their clear view of the movant at the time of the crime. No effort was made to suppress the latter two witnesses' testimony for the reason, as expressed by trial counsel, that a detailed examination of the two witnesses would only strengthen their testimony; that it was purely a matter of trial strategy by the trial counsel, based on his long experience as a trial lawyer, not to interrogate the two witnesses in detail on their identification testimony. Again, we find no fault in the trial counsel's strategy. Certainly, there was no deprivation of a fair trial for movant. *Nelson v. State*, supra.

Movant also contends that his trial counsel failed to request an alibi instruction.

The record absolutely belies this contention. Movant's trial counsel specifically asked for and the jury was given an alibi instruction.[2]

■ Finally, movant urges that the indictment charging him was faulty for failing to adequately apprise him of the crime alleged to have been committed and that there is no statutory offense for the crime charged. The indictment against movant provided that he:

"... feloniously and willfully and by means of a dangerous and deadly weapon, to-wit: knives, did rob, steal, take and carry away, forty-five dollars lawful money of the United States; the property of WALTER WILDER by then and there putting the said WALTER WILDER in fear of an immediate injury to his person and then and there did feloniously and by force and violence to the person of the said WALTER WILDER, rob, steal, take and carry away the said money and personal property of the said WALTER WILDER . . .."

Movant asserts he was not clearly informed of the charges against him because he was charged with the § 560.135 RSMo 1969 offense of robbery first degree by means of a dangerous and deadly weapon, whereas he was convicted of the § 560.120 crime of first degree robbery. Movant also argues that there is no statutory offense of robbery first degree by means of a dangerous and deadly weapon. *State v. Crockett*, 543 S.W.2d 314 (Mo.App.1976), answers movant's argument that he could not adequately prepare for his trial based on the indictment. In *Crockett*, defendant was charged with robbery first degree by means of a dangerous and deadly weapon and convicted of § 560.120 robbery first degree. Defendant's argument was that he was inadequately informed of the crime for which he

2. "[Movant's trial counsel]: The record should show that prior to the giving of the instructions I have requested an alibi instruction.

"The Court: In keeping with the defendant's request, the Court is going to give one.
* * * * * *
"*Instruction No. 4*

"The Court instructs the jury that, if there is any evidence before you that raises in your minds a reasonable doubt as to the presence of the defendant at the time and place where the crime is charged to have been committed, if you find a crime was committed, you will acquit the defendant."

was charged to allow proper preparation of his defense. Not so, said the court. Noting that it was not necessary to make reference to the use of a deadly weapon to support a § 560.120 first degree robbery conviction, Judge Higgins specifically found that such reference did not make the information insufficient and that it adequately advised defendant of the crime charged to allow adequate defense preparation. Thus, *State v. Crockett*, supra, disposes of the movant's contention that he had insufficient notice of the charges against him.

█ Movant's suggestion that he was convicted of a crime for which there is no statutory provision is as fenestrated as the other points upon which he relies. As noted, movant was indicted for robbery first degree by means of a knife—a dangerous and deadly weapon. The jury was instructed on § 560.120 first degree robbery without reference to the use of a weapon. This was proper. As stated in *State v. Hunter*, 499 S.W.2d 787, 788 (Mo.1973):

"The information charged robbery in the first degree with a dangerous and deadly weapon, a knife, but the State elected to submit, as it was entitled to do, robbery in the first degree in violation of § 560.120, RSMo. 1969, V.A.M.S., without reference to the use of a deadly weapon."

Also, as stated in *State v. Gabriel*, 342 Mo. 519, 116 S.W.2d 75, 77 (1938):

"[A] charge of robbery in the first degree by means of a dangerous and deadly weapon includes, and is sufficient to sustain conviction of, robbery in the first degree and punishment accordingly, as though the use of a deadly weapon had not been charged."

It is readily apparent that *State v. Hunter*, supra, and *State v. Gabriel*, supra, thoroughly dispel any effectiveness of movant's argument attacking his first degree robbery conviction based on the indictment set forth.

The judgment denying movant's 27.26 motion is not clearly erroneous; no error of law appears, and the judgment is affirmed.

KELLY, P. J., and LITZ, J., concur.