Earl FINGERS, Plaintiff-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 38953.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 21, 1978.

James E. Wynne, William E. Johnson, St. Louis, for plaintiff-appellant.

John D. Ashcroft, Atty. Gen., Paul Otto, Jefferson City, Terrence J. O'Toole, Asst. Circuit Atty., George A. Peach, Circuit Atty., Edward W. Rogers, James W. McCartney, St. Louis, for defendant-respondent.

SMITH, Judge.

Earl Fingers appeals from the action of the trial court in dismissing without an evidentiary hearing his motion to vacate five guilty pleas. The action of the trial court was upon the motion of the state to dismiss Fingers' Rule 27.26 motion, and followed appointment of counsel and argument of the motion to dismiss. We affirm.

■ No evidentiary hearing was required unless Fingers' motion met the following requirements: (1) it alleged facts, not conclusions, warranting relief, (2) those facts raised matters not refuted by the files and records in the case, and (3) the matters complained of resulted in prejudice to movant. *Haliburton v. State,* 546 S.W.2d 771 (Mo.App.1977); *Smith v. State,* 513 S.W.2d 407 (Mo. banc 1974).

■ Fingers' motion alleged ineffective assistance of counsel in five particulars. Two of those are based upon a contention that he was "coerced and scared" into pleading guilty because his counsel advised him and suggested that Fingers' family advise him that if he went to trial he would receive a sentence of 25 years or more. It is counsel's obligation to advise his client of counsel's opinion of the potential punishment which might be imposed upon trial. *Stewart v. State,* 542 S.W.2d 544 (Mo.App. 1976). Such advice does not constitute coercion, even when coupled with a strong suggestion that defendant plead guilty and receive a lesser penalty. Fingers' plea occurred during the selection of a jury on a charge of robbery, and two charges of assault with intent to kill with malice arising from the shooting and pistol whipping of two victims of that robbery. He pled also to two other robberies occurring within a

few days of the robbery for which he was on trial. Under the circumstances of the crimes related by the prosecutor at the time of the guilty pleas and acknowledged by Fingers in open court, the opinion of counsel was not unwarranted. We find no facts alleged which would warrant relief on movant's coercion allegations.

■ Movant, in bald conclusory language, alleges his counsel failed to investigate the case. This is not a fact allegation. It further fails to state in what regard counsel failed to investigate and what an investigation might have disclosed that would have been helpful at trial. The allegation is insufficient to require an evidentiary hearing. *Smith v. State, supra.*

■ The remaining two allegations were based on the contention that Fingers was misled into pleading guilty because of assurances that he would receive a maximum of 10 years imprisonment. In fact, he received three 10 year terms for the robberies, to run concurrently, and two five year terms for the assaults, to run concurrently to each other and consecutively to the terms for the robberies. In short, he received a total of 15 years. The court explained carefully to movant the range of punishments possible and that the court could assess whatever punishment it chose within that range. Movant stated his understanding of this. The prosecutor recited the nature of five crimes involved and the state's recommendation of punishment, which was identical to that ultimately assessed by the court. The court expressed some doubt that the recommended punishment was adequate in view of the number and seriousness of the crimes involved. Following this dialogue, the court once again advised Fingers that the court was not bound by the prosecution's recommendations although it usually followed them. The court then stated that although the recommendations were not "very heavy" it would follow them. After this statement, the court once more asked movant if he understood what he was doing in pleading guilty and whether he was doing so voluntarily. Movant

answered in the affirmative. The record of the guilty plea proceeding totally refutes movant's contention that he was misled into pleading guilty.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.