STATE of Missouri, Respondent,

v.

Jack Farris BATTLES, Appellant.

No. 40700.

Missouri Court of Appeals,
Eastern District, Division Three.

July 10, 1979.

Ronald E. Pedigo, Public Defender, Farmington, for appellant.

Gary E. Stevenson, Pros. Atty., James E. Pennoyer, Farmington, John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Jail break and escape conviction.

The defendant was convicted by the trial court without a jury of breaking out of St. Francois County jail and escaping from lawful custody before conviction. The authorities were holding the defendant for alleged second-degree burglary and stealing. The trial court assessed punishment at two years in the penitentiary.

Defendant first claims he was denied his *Miranda* rights as a result of the trial court admitting into evidence several incriminating statements made by the defendant after his recapture. The defendant escaped to Fort Lauderdale, Florida, where he was apprehended by Florida police. Two Missouri deputy sheriffs took custody of him there and immediately advised him of his rights at the Fort Lauderdale police station. Later in the day, at the Fort Lauderdale airport, the defendant made the incriminating statements concerning his escape. We find no error.

The defendant made no objection at trial concerning the statements made to the deputy at the Fort Lauderdale airport. Accordingly, he did not preserve the question for review. *State v. Price*, 422 S.W.2d 286, 289[3] (Mo.1967).

In addition to this, the deputy gave the defendant his *Miranda* warnings. The mere lapse of time between the receipt of the *Miranda* warnings and the giving of the incriminating statement does not require exclusion of the evidence. *Miller v. United States*, 396 F.2d 492, 495–96[3–4] (8th Cir. 1968), *cert. denied*, 393 U.S. 1031, 89 S.Ct. 643, 21 L.Ed.2d 574 (1969); *State v. McLallen*, 522 S.W.2d 1, 4[4] (Mo.App.1975).

Defendant next complains that he had ineffective assistance of counsel in that his counsel waived a jury trial. The point was not preserved in defendant's motion for a new trial, therefore, we review under Rule 27.20(c). Under the plain error rule, the appellant has the burden of showing the error resulted in manifest injustice. *State v. Richards*, 536 S.W.2d 779, 788[13] (Mo. App.1976). This, defendant has failed to do. Indeed, we can only guess as to whether defendant would have fared any better with a jury! There is nothing in the record to so indicate. We cannot conclude that it was manifestly unfair that the judge below sit with a jury. Accordingly, we rule this point against the defendant.

Defendant next complains that his affirmative defense of necessity to escape by reason of illness and mistreatment was not properly considered. Defendant testified that he was sick, believed he had hepatitis, was puking, was denied the use of the telephone, was threatened by the jailer, was not allowed to see a doctor, received no medication, and was fearful of his safety in the jail. Generally, conditions of confinement do not justify escape and cannot be used as a defense. *State v. King*, 372 S.W.2d 857, 859[6] (Mo.1963). We rule this point against defendant.

Defendant last complains about the prosecution's waiving the opening portion of the state's closing argument and then making a short argument subsequent to the defendant's *pro se* closing argument. The defendant failed to object and therefore this point has not been preserved for appellate review. We feel the defendant suffered no manifest injustice. The trial court has great latitude in controlling oral argument in a case. *State v. Sykes*, 559 S.W.2d 643, 645[5] (Mo.App.1977). And although the prosecution should have made

an opening final argument, *State v. Hale*, 371 S.W.2d 249, 255–56[12–16] (Mo.1963); Rule 26.02(7); MAI–CR 2.68; the defendant was not prejudiced since the closing argument of the state addressed the same points covered by the defendant's closing argument. *State v. Bailey*, 526 S.W.2d 40, 41–42[1] (Mo.App.1975). This was a court tried case and there was no prejudice to the defendant whether he was first or second.

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concur.