Bernard DAVIS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 11540.

Missouri Court of Appeals,
Southern District,
Division Two.

May 16, 1980.

Motion for Rehearing or Transfer
Denied June 6, 1980.

Michael Baker, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul M. Spinden, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Presiding Judge.

Appellant Bernard Davis filed a postconviction motion under Rule 27.26, V.A.M.R., seeking relief from consecutive robbery sentences.[1] Without conducting an evidentiary hearing, the trial court made and entered findings of fact and conclusions of law rejecting appellant's claim of ineffective assistance of counsel. We affirm.

Appellant contends that he was entitled to an evidentiary hearing on the basis of his allegations that: (1) his retained trial attorney failed to call an alibi witness; (2) his attorney failed to investigate his alibi defense; and (3) his attorney failed to "secure appellant an unbiased jury panel."

Appellant's motion, as amended by appointed counsel, failed the test of *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974), cert. denied, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975). *Smith* requires a Rule 27.26 motion to allege facts, not conclusions, warranting relief and such facts must raise matters not refuted by the files and records in the case. And, the matters complained of must have resulted in prejudice.

In making its findings of fact and conclusions of law, as required by *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978), the learned trial judge compared the allegations of appellant with the trial transcript and court records and found that each failed at least one of the *Smith* requirements.

The decision not to call a *fourth* alibi witness as part of appellant's defense was a matter of trial strategy and not reviewable in this proceeding. *Cheek v. State*, 459 S.W.2d 278 (Mo.1970); *Taylor v. State*, 548 S.W.2d 288 (Mo.App.1977). Furthermore, the trial attorney, before resting appellant's case, carefully made a record with the appellant that there were not any more witnesses nor persons present that appellant desired called as a witness in his behalf. The proposed witness was present at the three-day trial.

Appellant's charge that his attorney failed to investigate his alibi defense is refuted by the files and records which demonstrate this defense was established through three witnesses. Also, this broad assertion fails to aver in what regard counsel failed to investigate and what such an investigation might have disclosed that would have been helpful to the appellant at trial. *Fingers v. State*, 564 S.W.2d 91 (Mo.App.1978); *Adkins v. State*, 560 S.W.2d 67 (Mo.App. 1977).

Appellant's contention that his trial attorney failed to secure him an unbiased jury panel by failing to strike for cause a juror who knew the victim of the crime and another who conducted business with the victim falls into the category of trial strategy and not reviewable in this proceeding. *Selman v. State*, 454 S.W.2d 530 (Mo.1970).

The trial court did not err in denying appellant an evidentiary hearing and the judgment is affirmed.

All concur.

---

1. We affirmed the convictions in *State v. Davis*, 556 S.W.2d 745 (Mo.App.1977).