**Ardell JONES, Movant-Appellant,**

v.

**STATE of Missouri, Defendant-Respondent.**

No. 41519.

Missouri Court of Appeals, Eastern District, Division Three.

June 3, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 16, 1980.

Application to Transfer Denied Oct. 15, 1980.

Leonard W. Buckley, Jr., St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for defendant-respondent.

DOWD, Presiding Judge.

Movant, Ardell Jones, appeals from a denial without a hearing by the trial court, of his Rule 27.26 motion to vacate a judgment against him assessing a punishment of 25 years imprisonment for second degree murder.

Movant, has through a series of legal actions, expanded his assignment of error as originally made by objection in the trial court. At trial, the defense attorney objected to statements made by the prosecutor during argument on the grounds that the statements were conclusory. The trial court ruled on this objection by allowing the prosecutor to continue with his argument.

In his motion for new trial, movant alleged that the court erred in overruling defense counsel's objections to these comments made by the prosecutor because such comments were speculative and improper. The court overruled the motion stating that the allegations in the motion were insufficient to change the court's mind concerning the proceedings at trial. Movant then appealed to the Missouri Supreme Court, his assignment of error being that the prosecutor improperly inferred that defense counsel believed movant was guilty and that his belief was based on matters not in evidence. The Supreme Court affirmed the conviction refusing, however, to consider this particular assignment of error on the grounds that it had not been made the basis for objection at trial nor had it been presented in the motion for new trial and was, therefore, not properly preserved for the Court's review. *State v. Jones*, 515 S.W.2d 504, 506 (Mo. 1974).

Movant then filed a Rule 27.26 motion alleging ineffective assistance of counsel. The bases for this allegation were that his attorney failed to make continuous objections to the prosecutor's alluding to the idea during closing argument that defense counsel believed that his own client was guilty and that his attorney failed to move for a mistrial.

Pursuant to a preliminary conference with the circuit attorney and movant's newly appointed counsel, the trial court denied the motion on the basis that the movant had already received complete review of his conviction in the Supreme Court. In its memorandum opinion on the motion the Court states that the movant was asserting by way of his motion essentially the same point as was ruled against him by the Supreme Court and that by relabeling his assignment of error "ineffective assistance of counsel" movant was attempting to obtain a second appeal by way of a Rule 27.26 motion.

On appeal from the denial of his motion movant asserts two points of error. Movant's first point is that the trial court erred in not specifically addressing in its findings and conclusions movant's claims of unconstitutional trial proceedings and ineffective assistance of counsel. Movant's second point is that the trial court erred in denying him an evidentiary hearing on his motion. Movant claims that he is entitled to an evidentiary hearing because the allegations in his motions are not refuted by the record.

■ Although, the trial court did not make specific findings as to movant's allegations of unconstitutional trial proceedings and ineffective assistance of counsel, we do not agree with movant's contention that this constitutes reversible error. While movant correctly cites *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978) for the proposition that specific findings of fact and conclusions of law are contemplated by Rule 27.26, *Fields* does not change our scope of review in an appeal from a denial of a 27.26 motion. Our review is limited to a determination of whether such findings, conclusions and judgment of the trial court as they appear in the record are clearly erroneous. Rule 27.26(j); *Henson v. State*, 581 S.W.2d 595 (Mo.App.1979). Where the trial court has made findings on all issues sufficient to enable this court to review movant's contentions this constitutes compliance with Rule 27.26(i). *Thomas v. State*, 512 S.W.2d 116, 121 (Mo. banc 1974). There is no need to remand for further findings and conclusions if those that appear in the record are sufficient for this court to make a determination as to the correctness of the trial court's action. *Durham v. State*, 571 S.W.2d 673, 677 (Mo.App.1978). Where the trial court reaches the correct result, it is immaterial that the court may have assigned an erroneous reason for its ruling. *Id.* at 677. Such is the case here.

■ The trial court denied movant's 27.-26 motion on the grounds that the contentions of error were identical to those that were raised in his previous direct appeal. We find the court's dismissal of movant's motion was proper despite the fact that its reasoning was erroneous.[1]

1. The trial court held that the movant received review of this point in the Supreme Court by way of direct appeal. We agree that the point raised on appeal and the point raised in this

Movant's motion does not fail because it is an attempt at a second appeal but because movant is attempting to obtain review of an alleged trial error by way of a Rule 27.26 motion. Movant's claim of unconstitutional trial proceedings and ineffective assistance of counsel are simply trial errors renamed with the benefit of hindsight. They are presented in movant's 27.26 motion as trial errors affecting constitutional rights in order to obtain 27.26 relief. Grounds alleged in his motion to vacate were considered in ruling on his direct appeal. Those grounds were deemed to be lost because not preserved for review.

One of the purposes of a 27.26 motion is to bring a measure of finality to criminal proceedings. *Fields v. State, supra* at 480–81. The movant may not use semantical ploys to obtain review of errors which could have been corrected during trial. *Id.* at 480.

Movant's first point is ruled against him.

Movant's second point of error automatically fails. His use of a 27.26 motion was improper in the first instance and, therefore, his request for an evidentiary hearing is rendered moot.

Our review of movant's first claim of error demonstrates its failure to rise to the status of a constitutional claim. The alleged error arose during the course of trial and was, therefore, not within the purview of Rule 27.26.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.

motion are essentially the same but find, that because the Supreme Court refused to hear the point on the grounds that it was not properly preserved, movant did not receive any review of this point on its merits.