Ronald McCABE, Plaintiff-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 41953.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 31, 1981.

James M. Asher, Clayton, for plaintiff-appellant.

John Ashcroft, Atty. Gen., Henry T. Herschel, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

1. All statutory references are to RSMo 1969 unless otherwise noted.

SNYDER, Judge.

This is an appeal from a judgment denying movant's amended Rule 27.26 motion after an evidentiary hearing. Movant pleaded guilty to five felony counts and was given concurrent sentences of six years for attempted burglary first degree, § 560.040, RSMo 1969,[1] five years for each of two counts of exhibiting a dangerous weapon in a rude, angry and threatening manner, § 564.610, two years for intimidating a state's witness, § 557.090, and five years for striking a police officer, § 557.215. Movant filed a pro se Rule 27.26 motion. Appointed counsel then filed an amended motion to vacate sentence and "to withdraw movant's guilty pleas." The motion was denied and movant appeals.

Movant asserts that the trial court erred in three respects. First, he argues the trial court's findings of fact and conclusions of law were insufficient. Movant's second and third points claim in effect that his guilty pleas were not voluntarily given because (1) movant believed he would be placed on probation if he pleaded guilty, and (2) movant at the time of the plea was afflicted with a mental disease or defect and had made a pro se motion for a psychiatric examination. These points are ruled against movant and the judgment affirmed.

Appellate review of a judgment denying a motion to withdraw a guilty plea is limited to a determination whether there was an abuse of discretion, and the burden is on the movant to prove by a preponderance of evidence that the trial court erred in denying the motion. *State v. Nielsen,* 547 S.W.2d 153, 158[1–4] (Mo.App.1977).

Movant's first point is not well taken. The trial court's findings of fact and conclusions of law are in compliance with Rule 27.26(i) and provide the appellate court with a sufficient basis for review. *Jones v. State,* 604 S.W.2d 607, 609[1–5] (Mo.App. 1980).

Movant next argues he should have been allowed to withdraw his guilty pleas because he was under the misapprehension

.he would be placed on probation. This was a purely subjective belief for which there was no reasonable evidentiary basis. Although movant's counsel had prepared a plan for probation to submit to the trial court, there is no evidence that movant was ever guaranteed or assured that he would receive probation. During the guilty plea proceedings movant responded that he understood the trial court was under no obligation to accept any recommendations for probation. This point also fails.

■ Movant finally contends the trial court erred in not permitting movant to withdraw his guilty pleas when it had knowledge of a pro se motion for a psychiatric examination. The so-called pro se motion was actually a letter not admitted in evidence but only referred to by movant in a postscript to another letter written to his lawyer which was read in evidence. The postscript said, "I also wrote a letter to Judge McBride about sending me to a hospital for evaluation."

The trial court is under no obligation to order a psychiatric examination, sua sponte, without reasonable grounds to believe that the movant has a mental defect or disease excluding his fitness to enter a guilty plea. *King v. State*, 581 S.W.2d 842, 846–847[4, 5] (Mo.App.1979). There was no evidence at the time the pleas were entered that movant was incompetent to proceed.

The judgment of the trial court was not clearly erroneous. *State v. Nielsen, supra.* An extended opinion would have no precedential value. The judgment is affirmed in compliance with Rule 84.16(b).

CRIST, P. J., and REINHARD, J., concur.