Lewis A. ROGERS, Appellant,

v.

STATE of Missouri, Respondent.

No. 46982.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 27, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied Nov. 15, 1983.

Application to Transfer Denied
Dec. 20, 1983.

Gary L. Robbins, Public Defender, Jackson, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant-defendant Lewis A. Rogers appeals the summary denial of his Rule 27.26 motion. He challenges the four guilty plea concurrent sentences of twenty-five years for escaping from jail, two seven-year sentences for aiding escapes by two fellow inmates and a three-year sentence for stealing the jailer's shotgun.

Defendant now contends he was denied effective assistance of counsel by failure to investigate and interview defense witnesses, and that the escape evidence failed to show defendant had used a dangerous weapon. The state counters that defendant's guilty-plea record refuted defendant's contentions.

Before sentencing defendant the trial court conducted an extensive hearing, questioning defendant under oath. The essential parts of the 40-page sentencing transcript:

Defendant had repeatedly consulted with and was satisfied with his counsel. He wanted to get out of jail because of trouble with other inmates and fights with his jailers. He had been told of the four charges and repeatedly admitted his guilt. He had not been threatened. He knew he could still consult with counsel. He knew of his right to a jury trial and declined. He was satisfied with the four proposed concurrent

sentences. At the hearing's conclusion the court ruled: "These four pleas of guilty were made by you freely, knowingly, and voluntarily, and not as a result of duress, coercion, inadvertence, or mistake. I further find that you have admitted the essential elements of the crimes charged." Defendant then declared he understood all that had taken place and had no questions about his four sentences.

■■■ Defendant first challenges his counsel's competence. The standard for effectiveness of counsel is performance conforming to the care and skill of a reasonably competent lawyer. Defendant had the burden of showing counsel's incompetence.

■■■ Defendant first contends counsel failed to call fellow inmates as witnesses to adverse jail conditions. The hearing record showed only that defendant wanted to get to another jail. In *State v. Battles*, 585 S.W.2d 213[3–4] (Mo.App.1979) we held conditions of confinement do not justify escape. See also *Woods v. State*, 564 S.W.2d 333[1–4] (Mo.App.1978), holding dissatisfaction with jail conditions may not be considered in a Rule 27.26 proceeding.

■■■ Defendant's other point is that there was no evidence to support the state's verdict director on use of weapon in effecting escape. Not so.

Defendant's escape was in two stages. First, at his guilty plea hearing defendant testified that after he escaped from his cell he went into the "control booth and grabbed a shotgun". There he gave it to other escapees and as they completed their escape "the shotgun was carried with us".

The record refutes defendant's second point.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.