**William SELTZER, Movant-Appellant,**

v.

**STATE of Missouri,
Plaintiff-Respondent.**

**No. 49196.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 28, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1985.

Application to Transfer Denied
Sept. 10, 1985.

Linda Vespereny, St. Louis, for movant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

This appeal is from the trial court's judgment denying movant's motion for post-conviction relief under Rule 27.26. Movant was convicted by a jury of first degree assault. § 565–.050 RSMo 1978. He was sentenced to twenty-five years imprisonment to run concurrent with a previous sentence. We affirmed the conviction on direct appeal. *State v. Seltzer,* 655 S.W.2d 75 (Mo.App.1983). We affirm.

In this civil proceeding our scope of review is limited to a determination of whether findings, conclusions and judgment of the trial court as they appear in the record are clearly erroneous. Rule 27.26(j); *Jones v. State,* 604 S.W.2d 607, 609 (Mo.App. 1980). Where the trial court has made findings on all issues sufficient to enable this court to review movant's contentions this constitutes compliance with Rule 27.-26(i). *Id.* There is no need to remand for further findings and conclusions if those that appear in the record are sufficient for this court to make a determination as to the correctness of the trial court's action. *Id.*

Movant's first contention is that the trial court failed to specifically address any of the issues presented by movant and that the court misapplied the law in its conclusions of law. The trial court concisely summarized the issues pleaded in the motion filed by counsel on behalf of movant. Seven points related to ineffective assistance of counsel during the jury trial and two related to separate counsel's ineffective assistance during the direct appeal. The court's findings of fact included a finding that movant's trial counsel met the required standards for adequacy of counsel; that movant's appellate counsel met the same standards; that both attorneys are experienced and competent in handling criminal cases and both exceeded the required standard of competency in this case. Although the trial court's findings were not itemized to each matter pleaded they are sufficient to satisfy the requirements of Rule 27.26(i). That rule merely requires the court to "make findings of fact and conclusions of law on all issues presented." We find the generalized findings adequate in the present case because they are sufficient to enable this court to review movant's contentions. *Jones,* 604 S.W.2d at 609. A thorough review of the record demonstrates that the findings of the trial court were not clearly erroneous. Rule

27.26(j). Movant failed to meet his burden to show ineffective assistance of counsel. *See Seales v. State*, 580 S.W.2d 733, 735 (Mo. banc 1979).

In this point movant contends further that the trial court erred when it misapplied the law in its conclusions of law. The court concluded that allegations of counsel's failure to request a mistrial during closing argument or to object to portions of the closing argument were not subject to review under Rule 27.26. Movant claims these conclusions are erroneous as a matter of law.

Grounds stated in a Rule 27.26 motion concerning matters considered and rejected in direct appeal of a criminal case are not to be reconsidered in a post-conviction proceeding. *Johnson v. State*, 561 S.W.2d 704, 706 (Mo.App.1978). Movant seeks to avoid this rule claiming that this is a matter involving a constitutional issue. We do not agree. A motion filed under Rule 27.26 may not be employed as a second appellate review of matters which were or should have been raised on direct appeal. *Sherrill v. State*, 515 S.W.2d 611, 612 (Mo. App.1974). These points were raised on direct appeal. Point denied.

Movant also contends that the trial court erred by curtailing movant's testimony and his counsel's presentation of evidence. A review of the transcript references on these matters does not confirm movant's position. Further, no authority is cited to support this contention and it need not be considered. *State v. Cain*, 485 S.W.2d 60, 62 (Mo.1972). We have however reviewed the record and find that the contention is without merit. On occasion the trial court corrected counsel in procedural and evidentiary matters but without prejudice to the defendant. A judge may correct a lawyer or witness in a non-prejudicial manner. *State v. Tash*, 528 S.W.2d 775, 782 (Mo.App.1975). In light of the fact that this was a court-tried matter we find no prejudice resulted. Movant's evidence consisted of his testimony and a request that the court take judicial notice of the criminal trial. We find that all evidence which movant intended to offer was received by the trial court.

We affirm.

PUDLOWSKI, P.J., and GAERTNER, J., concur.