Kenneth BOYD, Appellant,

v.

STATE of Missouri, Respondent.

No. 52955.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 2, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 6, 1988.

Application to Transfer Denied May 17, 1988.

Michael D. Burton, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from denial of his Rule 27.26 motion after an evidentiary hearing. We affirmed movant's convictions for assault in the first degree, § 565.050, RSMo 1986; attempt to commit first degree robbery, § 564.011, RSMo 1986; and armed criminal action, § 571.015, RSMo 1986, on direct appeal. *State v. Boyd,* 693 S.W.2d 1 (Mo.App.1985). He now seeks to have the sentences vacated for ineffective assistance of counsel. We affirm.

■ Movant asserts his lawyer erred in not calling movant's sister as an alibi witness. Movant's lawyer testified she interviewed all of his family as well as movant's employer. During the interview, movant's sister was present and said nothing regarding an alibi. Furthermore, movant's sister's testimony conflicted with the alibi testimony presented at trial by movant's father and brother. At the Rule 27.26 hearing, movant's sister testified that on the

night of the crimes she, her daughter and movant all slept in the same room. She further testified she awoke several times that night and movant was in the room each time. However, at trial movant's brother stated movant slept with him in their room with no one else present. This conflicts with the sister's testimony that movant slept in the room she was in. The sister's testimony would not have helped movant's case in view of the alibi testimony given by his brother and father and the conflict in the stories. Movant's lawyer used good judgment in not having movant's sister testify. *Sanders v. State,* 738 S.W.2d 856 (Mo. banc 1987).

■ Movant also states his lawyer would not let him take the stand in his own behalf although he had expressed the desire to do so. His lawyer testified she did not prevent movant from testifying and that he never expressed a desire to testify. She stated movant did not come across well and would not have been an effective witness in his own behalf. She also recommended movant not take the stand because she wanted to keep from the jury the fact that one of defendant's brothers had been apprehended at the scene of the crime. Credibility of witnesses is for the Rule 27.26 trial court. *Black v. State,* 723 S.W.2d 474, 475[2] (Mo.App.1986). It was not ineffective assistance of counsel to recommend movant not take the stand, and the Rule 27.26 court did not err in not believing movant's testimony that he told his attorney he wanted to testify.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.