Terry TUCKER, Appellant,

v.

STATE of Missouri, Respondent.

No. 53802.

Missouri Court of Appeals, Eastern District, Division One.

May 24, 1988.

Steven Eugene Jordon, Farmington, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his 27.26 motion without an evidentiary hearing. We affirm.

On November 3, 1986, movant pled guilty to stealing, § 570.030, and burglary in the second degree, § 569.170, and entered an Alford plea to a second count of stealing. He was sentenced to four years each on the pleas of guilty, to be served consecutively, and four years on the Alford plea, to be served concurrently with the other stealing charge, for a total of eight years.

On May 11, 1987, movant filed his 27.26 motion *pro se* seeking to set aside his convictions and sentences. He cited two grounds in support of this motion, ineffective assistance of counsel and failure of the judge to grant the promised plea bargain. The trial court dismissed the motion, finding the allegations were refuted by the record. Movant's allegation regarding the plea bargain was not briefed on appeal and is deemed waived. *Slankard v. State*, 525 S.W.2d 101, 102[1] (Mo.App.1975). Therefore, the only issue before us is whether movant's allegation of ineffective assistance of counsel was sufficient to warrant an evidentiary hearing.

To warrant an evidentiary hearing, movant must allege facts, not conclusions, which warrant relief and are not refuted by the record. Also, the matters complained of must have resulted in prejudice to movant. *Thomas v. State*, 736 S.W.2d 518, 519[1] (Mo.App.1987). Our review is limited to a determination of whether the findings of the trial court are clearly errone-ous. *Jones v. State*, 604 S.W.2d 607, 609[2] (Mo.App.1980).

In his first point movant claims his guilty plea was involuntary due to his inability to read and understand what he read and because he was taking several types of medication during the hearing. Neither of these allegations were contained in movant's 27.26 motion. As we stated earlier, the motion merely stated the conclusion his counsel was ineffective. Points raised for the first time on appeal are not reviewable. *Small v. State*, 646 S.W.2d 903, 905[8] (Mo.App.1983); *Moore v. State*, 624 S.W.2d 520, 522[4] (Mo.App.1981).

Movant's claim of ineffective assistance of counsel was not sufficient to warrant an evidentiary hearing. A mere assertion of ineffective assistance of counsel, which is devoid of facts in support thereof, may be properly dismissed without an evidentiary hearing. *Achter v. State*, 545 S.W.2d 86, 88[7] (Mo.App.1976); *Perryman v. State*, 506 S.W.2d 480, 482[6] (Mo.App.1974).

In his second point, movant alleges the findings of the trial court are inadequate. We disagree. While the findings are generalized, they are sufficient to enable us to review the trial court's actions, thus there is no need to remand for further findings and conclusions. *See Seltzer v. State*, 694 S.W.2d 778, 779[1] (Mo.App.1985); *Jones v. State*, 604 S.W.2d 607, 609[4] (Mo.App. 1980).

Movant contends the trial court should have made specific findings that: (1) movant was not affected by a combination of drugs during the plea hearing; (2) movant was read every written document of significance in his case; (3) movant understood the evidence against him; and (4) the State presented sufficient evidence to show movant's Alford plea had a factual basis.

The specific findings which movant contends the trial court should have made concern issues not contained in his motion. We will not require the trial court to make findings on issues which were not before it.

We need not make separate determinations regarding the validity of these allegations as they were neither contained in movant's motion, *Small*, 646 S.W.2d at

905[8]; *Moore,* 624 S.W.2d at 522[4], nor raised in his points relied on, Rule 84.04(d); *State v. Mooney,* 714 S.W.2d 216, 218[1] (Mo.App.1986). A review of the record discloses no reason to review these points for plain error.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.