Tony MARTIN, Movant,

v.

**STATE of Missouri, Respondent.**

No. 56533.

Missouri Court of Appeals, Eastern District, Division Two.

May 22, 1990.

**864**

Henry B. Robertson, Asst. Public Defender, St. Louis, for movant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals the denial of Rule 27.26 (now repealed) post conviction relief after an evidentiary hearing. Movant was convicted of murder in the second degree and sentenced to life imprisonment. The conviction was affirmed on direct appeal. *State v. Martin*, 735 S.W.2d 124 (Mo.App. 1987). On December 7, 1987, movant filed a motion to vacate sentence alleging numerous errors by trial counsel resulting in ineffective assistance of counsel.

Movant alleges the motion court erred in denying relief because: (1) the court failed to make required findings of fact or conclusions of law in conformity with former Rule 27.26(i) sufficient to allow for appellate review, and (2) the court erred in finding the trial attorney's decision not to call movant as a witness was trial strategy.

Rule 27.26(i) required the motion court to make findings of fact and conclusions of law on all issues presented. "Specific findings and conclusions are contemplated and required." *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978). However, "[t]here is no need to remand for findings and conclusions if the record allows this court to determine the correctness of the motion court's action." *Guyton v. State*, 752 S.W.2d 390, 392 (Mo.App. 1988).

In *Seltzer v. State*, 694 S.W.2d 778 (Mo. App.1985), we held where the motion court summarized the pleaded issues but did not make itemized findings of fact as to each matter pleaded, the motion court nonetheless complied with Rule 27.26(i). This

holding is applicable where the "generalized findings ... are sufficient to enable this court to review movant's contentions." *Id.* at 779.

■ In the instant case, the court did not merely conclude movant received effective assistance of counsel. The following actions were found not to rise to the level of ineffective assistance of counsel: (1) trial counsel's recommendation defendant not testify; (2) failure to object, and/or request a mistrial or a cautionary jury instruction in the following: (a) testimony of a state's identification witness that she could not recall "which one I picked out [at a line-up] first, I don't remember, ...."; (b) testimony by a witness as inadmissible hearsay and evidence of a grand jury proceeding; (c) an officer's testimony that after speaking to witnesses at the scene of the crime, he put out a description of defendant and co-defendant for the shooting; (d) the prosecutor's opening statement that movant had been identified but his co-defendant had not; and (3) trial counsel did not fail to investigate the facts surrounding the death of the victim. The motion court's findings and discussion are specific enough to permit us to conduct a meaningful review of the evidence at the hearing. Movant's first point is denied.

■ Our duty is to determine whether the findings, conclusions, and judgment of the court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856 (Mo. banc 1987); Rule 27.26(j). The findings are clearly erroneous if a review of the record leaves this court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo. App.1986). In order for movant's claim of ineffective assistance of counsel to prevail, he must show trial counsel's performance was deficient and the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Furthermore, "a motion court and this court may proceed directly to the issue of prejudice

without first determining whether counsel's conduct was deficient." *Davis v. State*, 748 S.W.2d 698, 700 (Mo.App.1988).

■ Although trial counsel was not available to testify at the hearing, the motion court findings and conclusions were supported by the trial transcript. The motion court determined it was trial strategy to not call movant as a witness. Movant's criminal record could be withheld only if movant did not testify. Additionally, his testimony would place him at the scene of the crime when the victim was shot. This testimony would contradict his statement to the police that he "ran home after the victim shot at him." As a whole, the motion court determined this and other inconsistencies "probably could have been used against him." On these facts a decision not to call defendant was not inconsistent with effective representation of presumably competent counsel. *Boyd v. State*, 749 S.W.2d 5, 6 (Mo.App.1988).

We do not find the motion court's findings were clearly erroneous. The motion court's denial of movant's Rule 27.26 motion is affirmed.

PUDLOWSKI, P.J., and CRANDALL, J., concur.