**John Charles LOWE, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56139.**

Supreme Court of Missouri,
Division No. 2.

June 28, 1971.

Lawrence W. Cullen, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

After a two-day trial in July 1968, John Charles Lowe was found guilty of burglary and stealing. He was sentenced to seven years' imprisonment for the burglary and four years for stealing, the sentences to run concurrently. The judgment and sentences were affirmed upon direct appeal in State v. Lowe, Mo., 442 S.W.2d 525. In 1970 Lowe instituted a 27.26, V.A.M.R., proceeding, there was a hearing in that proceeding on June 17, 1970, and the court after making findings of fact and conclusions of law denied relief and he has appealed, represented here by court-appointed counsel as he was upon the original trial and appeal.

Upon this appeal there is the single claim that in his original trial he was denied effective assistance of counsel and therefore should now be discharged. The charge of ineffective counsel arose in these circumstances: In Phil's Hotel, 700 S. Broadway, there is a tavern, and restaurant in addition, of course, to hotel rooms. On May 17, 1968, Lowe rented and was assigned room 35. Lowe and a friend, known in this record only as "Robert," spent most of the day in the tavern. The following morning, about 6 o'clock, it was discovered that the tavern door was broken, that the tavern had been entered and a quantity of cigarettes stolen, the cigarette machine broken into, some chewing gum and money taken. Police officers were admitted to room 35 and only Robert

was in the room. Police searched the room, however, and found some cigarettes and other property that had been removed from Phil's Tavern. The cigarettes were identified by tax numbers identical with the numbers on the packages remaining in the cigarette machine and those found in room 35 in Phil's Hotel. Also on the morning of May 18 Lowe was arrested in his room in the St. Regis Hotel and, after Miranda and other warnings, that room was searched and cigarettes and other property from Phil's Tavern were found in that room. Upon Lowe's trial all these objects were offered and admitted in evidence. In these circumstances it is claimed that the search and seizure in room 35 of Phil's Hotel were illegal, that Lowe's arrest was illegal and the admissions or confession to police were illegal and that he was denied effective assistance of counsel because his lawyer did not file a motion to suppress both the evidence seized and the confession. In the noted background it is the appellant's claim that his cause falls within the unlawful search and seizure in the hotel room in Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856, and the "fruit of the poisonous tree" doctrine of Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.

Appellant's lawyer in his original trial was as the court found a highly respected, experienced lawyer. He was admitted to the Missouri bar in 1941, had tried about fifty jury cases, and from 1951 through 1953 had been an assistant United States District Attorney and had tried some criminal cases for the government although from 1953 to 1968 he had tried no criminal jury cases. In the hearing of this motion the transcript of the original trial was admitted in evidence and there were but two witnesses, Lowe and his trial lawyer. The lawyer had at least two conferences with Lowe before trial. He talked to the assistant prosecutor in charge of the case, went to the scene of the burglary and stealing and talked to the witnesses there. In addition he filed a motion for the production

of any statements and admissions and he made an oral motion to suppress the confession and that motion was heard and overruled. In this connection he as well as the trial judge were of the opinion that "evidence of the confession to be independent of any search." In any event for reasons hereinafter noted he did not file a motion to suppress the evidence seized in the search of the hotel rooms in either the St. Regis or Phil's Hotel. Lowe's counsel said, "Well, the defendant told me that the goods were found in the room in the hotel in the possession of this unidentified companion. The defendant called him Robert. He said that he and Robert had been up in that room and that certain articles had been found in the room while Robert was occupying the room." And so it was "our position," the position of counsel and the defendant, "in the course of that trial was that Robert was the person who was guilty of taking those items and I argued that to the jury, that Robert either took it or else the evidence was as consistent with the guilt of Robert as it was with the guilt of the defendant." In view of this defense counsel did not think it desirable to file a motion to suppress "because we wanted it to come out in the course of the trial and particularly to be brought to the attention of the jury, that these items in Phil's Hotel had been caught in the possession of Robert, *and the testimony furthermore was that Robert was put under arrest for burglary at that time,* and that was our defense as regards the property which was found in Phil's Hotel" and so, counsel said, even if he had thought of it he probably wuld not have filed a motion to suppress as to those particular items. In conclusion, on cross-examination, counsel said, "my argument to the jury and *our defense on the facts,* as far as the goods that were found in Phil's Restaurant are concerned, it *was based squarely on the proposition that the goods had been found in the possession of another person who had been charged with a crime but who was not in Court.* When you ask me what I was thinking about as trial strategy I don't recollect, but it was

an effective defense and it was as good as we could present under the circumstances." (Emphasis supplied.) Needless to say, there is a difference in the articles seized in Phil's Hotel and those seized in the St. Regis. Lowe, in testifying on this motion, only said that he did not give permission to search room 35, that he was not aware of any possible right to suppress the seized items and that his lawyer did not advise him of his right to file a motion to suppress—"Not that I remember, no."

Aside from the fact that failure of counsel to file motions to suppress does not of itself establish ineffective counsel (State v. Worley, Mo., 371 S.W.2d 221; State v. Hooper, Mo., 399 S.W.2d 115) it is obvious from this briefly noted record that the court's finding of effective counsel is indeed supported and the circumstances are wholly unlike those of Stoner v. California. Applicable here is the statement in State v. Howard, Mo., 383 S.W.2d 701, 704: "Courts should not attempt to 'second guess' counsel on his decisions on trial methods and strategy nor on his judgment of what might constitute prejudicial error at least if it is not plainly and obviously wrong, which is not shown by the transcript in this case." And see particularly State v. Caffey, Mo., 457 S.W.2d 657 where all the relevant state and federal cases are collected.

Accordingly the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

DONNELLY, P. J., MORGAN, J., and HENLEY, Alt. J., concur.

FINCH, J., not sitting.