STATE of Missouri, Respondent,

v.

Kenneth Perry GREATHOUSE, Appellant.

No. KCD 26844.

Missouri Court of Appeals,
Kansas City District.

Feb. 3, 1975.

**300**

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, Robert A. Simons, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and TURNAGE, JJ.

SHANGLER, Judge.

The defendant Greathouse in concert with another culprit committed the armed robbery of a Safeway Store. The defendant was convicted and sentenced to a term of imprisonment for twenty years, and now appeals from that conviction.

In this court the defendant contends that he was (1) denied effective assistance of trial counsel who failed to move suppression of evidence said to be the fruit of illegal searches, and (2) that a number of exhibits given in evidence by the State were improperly received because lacking proper identification and relevancy to the defendant himself.

As to the first assignment, although the issue of ineffective assistance of trial counsel may be raised on direct appeal, the court may decline the question where the record is inadequate for a meaningful review. State v. Cluck, 451 S.W.2d 103, 106 [7, 8] (Mo.1970). The failure of trial counsel to move the suppression of evidence does not of itself establish ineffective assistance. Lowe v. State, 468 S.W.2d 644, 646 (Mo.1971). There may be valid tactical reason why a lawyer does not move to suppress evidence; what the motive of counsel in this case may have been is simply not known. The evidence on that issue is most appropriately explored and explained on a Rule 27.26, V.A.M.R., postconviction proceeding.

The appellant contends, however, that a procedure which denies access to the Rule 27.26 remedy while a direct appeal pends abridges the constitutional right to a

speedy adjudication of the issue sought for determination—in this case, the claim of ineffective assistance of counsel. The claim of the protection of the Sixth Amendment to the United States Constitution and Article I, § 18(a) of the Missouri Constitution, V.A.M.S., asserted by appellant in this regard is misplaced. Those provisions create a trial right only and are meant to prevent such an undue delay in a criminal prosecution which tends to impair the ability of an accused to defend himself against the charge. State v. Morris, 501 S.W.2d 39, 41 [3, 4] (Mo.1973). Those constitutional provisions do not bear on post-conviction proceedings [Clark v State, 497 S.W.2d 170, 174 [6] (Mo.1973)], nor on appeals from criminal prosecutions. The right of an accused to due process, of course, does not terminate with the verdict and sentence in the criminal trial, and where an appeal is recognized by law, the Fifth Amendment will not allow the efficacy of that procedure to be frustrated by arbitrary state action. See, Doyle v. United States, 366 F.2d 394, 399 [3, 4] (9th Cir. 1966).

■ This is not to suggest that the point appellant asserts is fanciful, but only that the procedure for the unitary review of the criminal and post-conviction judgments—for which appellant contends—has so far eluded serious effort at solution.[1] Under present procedures, where the evidence to support a contention of ineffective assistance of counsel is not fully shown in the trial record, a serious answer must await the development of that issue on the post-conviction hearing. There is nothing in the record to suggest that appellant has been thwarted in the adjudication of that issue or that the efficacy of the Rule 27.26 procedure has been denied him.

The final point of appellant is that the State failed to sufficiently connect a shot-gun, two revolvers, a shotgun shell, a paper bag, a corduroy coat, and a trench coat received in evidence with either the robbery or the defendant.

This evidence was obtained as a result of searches by the police. The culprits were seen making their escape from the scene of the robbery in a Blue 1965 Ford automobile. A car of that description was seen at 6800 Elwyn and surveillance was established by the police. The officers observed two women come out of the house at that address and change the license plates on the Ford. Later on, the defendant left the house together with the women and drove away in a 1968 Pontiac. An officer gave chase, intercepted the automobile and arrested the defendant.

Another officer, who remained to continue surveillance at the 6800 Elwyn address, ordered the Ford removed in tow. Through a rear window of the automobile he could see what appeared to be the butt of a rifle or shotgun. Following this discovery, he searched extensively and uncovered a 12 gauge Harrington and Richardson Topper shotgun, a .22 caliber pistol, a .32 caliber revolver, and ammunition for each gun. The officer then searched the residence at 6800 Elwyn for suspects and found two men in a bedroom. The officer then moved the search to two other cars which had been parked adjacent to the 1965 Ford in the driveway of the 6800 Elwyn residence and in one of them, a 1965 Chevrolet, discovered a brown Safeway bag containing $19,743, a brown corduroy coat, a long tan trench coat in the pocket of which was found three live shotgun shells, and a pair of sunglasses.

The integrity of these searches is not now before us.

■ There is no doubt that physical objects which furnish evidence may be sub-

1. Such a procedure has been proposed by the Report of the National Advisory Commission on Criminal Justice Standards and Goals (1973). See the discussion which accompanies Standard 6.1. The proposal has since had the attention and study of the National Center of State Courts. See, also, Boston U.L.R., Vol. 54, No. 3, May, 1974. To this date however, no definitive proposal has received a general concurrence.

mitted to the senses of the jury. Such demonstrative evidence, however, must meet the tests of relevancy, materiality and probative force. Weapons or objects connected with the defendant or the crime, when sufficiently identified, become relevant and probative. State v. Wynne, 353 Mo. 276, 182 S.W.2d 294, 299 [6] (1944); 22A C.J.S. Criminal Law § 712, p. 956. It is the contention of appellant that there was no evidence that he was the owner of the 1965 Ford automobile or that it was in his custody or that the Chevrolet, from which the bag and money, jacket, trench coat and shotgun shells were taken, were connected with the appellant or the crime. As we have already noted, however, the validity of the searches is not before us, but only the question of whether the objects were so connected with the crime or the accused as to cast light on a material inquiry in the case.

■ The evidence shows, however, that the appellant was seen escaping from the scene in a 1965 Ford, that an automobile answering that description was detected at the 6800 Elwyn address, searched and yielded a shotgun and revolvers. The store manager identified appellant as one of the two men who had committed robbery and a shotgun taken from the 1965 Ford as the weapon used by one of them and either of the pistols as the weapon used by the other.

■ The other items of evidence were discovered in a 1965 Chevrolet parked next to the 1965 Ford on the driveway of the 6800 Elwyn residence. The presence of that vehicle so soon after the robbery on premises which harbored the escape car and at least one of the perpetrators and on which the illicit change of license plates was observed were circumstances which reasonably implicated the Chevrolet with the principal criminal event. The cash recovered from the Chevrolet—$19,743—was identified as the amount reported lost in the robbery; the brown Safeway bag was identified as the container in which the witness had placed the money; the trench coat and sunglasses were identified as apparel worn by the robber who held the shotgun and the brown corduroy jacket as worn by the other. These items of demonstrative evidence all tended to establish the crime charged, and in the circumstances, tended to forge a link in the circumstances which connected the accused to the offense charged. State v. Evans, 237 S.W.2d 149, 151 [1, 2] (Mo.1951); State v. Boothe, 485 S.W.2d 11, 14 [5, 6] (Mo. banc 1972).

■ The appellant contends further, however, that according to the evidence of the State, three of the exhibits—the shotgun, shotgun shell and trench coat—were not connected with him at all, but only with the accomplice, and therefore were without probative value. Where the defendant participates in a crime, the weapons and clothing worn may be admitted although the defendant himself neither wielded the weapon nor wore the clothing. 22A C.J.S. Criminal Law § 712, p. 959. These objects, although not directly connected with the defendant are admissible because they bear on the crime with which he is charged. State v. Wynne, *supra*, l.c., 182 S.W.2d 299 [7].

■ Finally, the appellant contends —and this, without transcript reference— that the witness for the State did not sufficiently identify these objects as connected with the robbery. Although the presentation of this point is in violation of Rule 84.-04(h), we have examined it *ex gratia* and find it to be without merit. The exhibits were identified by the store manager with varying degrees of affirmation; his testimony of the shotgun was positive, his testimony of the corduroy coat was more conditional. Weapons or objects are properly admitted in a criminal prosecution upon a prima facie showing of identity and connection with the crime charged; positive proof or unqualified identification is generally not required. State v. Johnson, 286 S.W.2d 787, 791 [3, 4] (Mo.1968); 22A C.J.S. Criminal Law § 712, p. 961. The cir-

cumstances considered, that the weapons were discovered in the escape car and the clothing was found in the other car along with the booty [positively identified as that taken in the robbery], and that both cars were harbored on premises used by the defendant after the robbery, the weight of the identification of the evidence was for the jury. State v. Johnson, *supra*, l.c. 791 [3, 4].

The judgment is affirmed.

All concur.