STATE of Missouri, Respondent,

v.

Charles PAGE, Appellant.

No. KCD 28617.

Missouri Court of Appeals,
Kansas City District.

Feb. 28, 1977.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WEL-BORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

The defendant was convicted by a jury for assault with intent to rob with malice aforethought [§ 559.180, RSMo 1969] and was sentenced to a term of four years.

There is no dispute that the evidence was not sufficient to convict, so a brief statement of facts suffices. The victim was on his way to an accustomed cafe for breakfast when he was accosted by three men, among them the defendant. They asked the victim for a cigarette, and when he offered them some tobacco, they set upon him and cut him severely about the face with a knife. The victim identified the defendant as the assailant who wielded the knife. At the time the defendant was arrested, his shirt was stained with blood, as was a white cloth wrapped around his right hand. A small pocket knife taken from his person was also stained with a moist, red substance.

The contention on appeal claims error in the admission of the knife into evidence over the objection of defendant on the ground that the weapon was not sufficiently connected to the crime. The court received the exhibit into evidence after the

police officer who wrested the knife from the defendant testified, "This appears to be the knife that was taken out of defendant's pocket." The defendant complains that this qualified identification does not allow an inference that the knife was the weapon taken from the defendant.

█ Objects which meet the tests of relevancy, materiality and probative force, may be submitted to the senses of the jury as evidence. *State v. Wynne*, 353 Mo. 276, 182 S.W.2d 294, 299[6] (1944). Thus, a weapon connected with the defendant or the crime, when sufficiently identified, tends to prove guilt. *State v. Greathouse*, 519 S.W.2d 299, 301[7, 8] (Mo.App.1975). Within these general principles, a weapon found in the possession of the accused, although not identified as the instrument used but similar in form and character, shows that the defendant had the means to commit the crime in the manner it was shown to have been done and is admissible for that purpose. *State v. Cuckovich*, 485 S.W.2d 16, 23[12] (Mo. banc 1972).

█ The evidence was that the defendant had cut the victim with a knife; the defendant was arrested near the scene just after the crime was consummated; the knife was found on his person with the blade still moist and red. These proved circumstances allowed the admission of the knife in evidence to show that the means to commit the crime in the manner shown was available to the defendant.

The judgment is affirmed.

All concur.