**Kenneth Perry GREATHOUSE,
Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 29898.**

Missouri Court of Appeals,
Western District.

April 30, 1979.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Bruce E. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WASSERSTROM and CLARK, JJ.

SHANGLER, Presiding Judge.

The defendant moved under Rule 27.26 to set aside a conviction for robbery and the ten year sentence imposed by judgment. The conviction was affirmed on direct appeal. *State v. Greathouse*, Mo.App., 519 S.W.2d 299. In that proceeding the defendant affected to raise the claim of ineffective assistance of counsel but we declined the review because the record allowed no informed basis for that determination but reserved the question for the more appropriate Rule 27.26 remedy. A post-conviction petition followed and was denied relief without appointment of counsel or hearing but conclusively ruled against the movant on the basis of the files and records of the case.

On this appeal the movant contends that the petition alleged questions of fact and issues of law so as to require appointment of counsel under Rule 27.26(h) and an evidentiary hearing under Rule 27.26(e). We conclude, however, that the bare pleading movant had "ineffective assistance of counsels" did not plead a cause of action under the rule. The elaborate findings of the trial court from the records of the criminal proceeding to refute that counsel had not performed effectively are superfluous. The petition was properly dismissed for failure to state a claim.

The effect of *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978) does not benefit this Rule 27.26 motion determined before that decision. Thus, movant had no access as a matter of right to counsel, nor the court any duty to appoint one for the indigent litigant, in the absence of a justiciable controversy raised by a pleading.

The movant asks that the "ineffective assistance of counsels" allegation be construed with our opinion in *Greathouse, supra*, to which the motion alludes, so that the full import of the claim for relief may be assessed. Were we so disposed, the uncertainty which prevented direct review of the question is in no wise dispelled. We know no more now about the factual basis for relief meant by the movant than we did

then and can no better now, than then, define the complaint.

The judgment to deny the petition for Rule 27.26 relief is affirmed.

All concur.