STATE of Missouri,
Plaintiff-Respondent,

v.

William Lee ATKINS,
Defendant-Appellant.

No. 48907.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 1985.

Motion for Rehearing and/or Transfer
Denied Aug. 28, 1985.

Application to Transfer Denied
Oct. 16, 1985.

Linda Vespereny, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Mary Elise Burnett, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOUGLAS W. GREENE, Special Judge.

Defendant, William Lee Atkins, was jury-convicted of first degree burglary (§ 569.-160),[1] forcible rape (§ 566.030) and armed criminal action (§ 571.015). The trial court, after hearing evidence of defendant's prior convictions of first degree burglary and stealing, forcible rape and second degree burglary, found Atkins to be a persistent offender (§ 558.016.3) and a persistent sexual offender (§ 558.018.2), and sentenced him to 30 years' imprisonment for the rape, without the possibility of probation or parole, and 15 years for the burglary and armed criminal action charges, with the

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

two 15-year sentences to run concurrently, but consecutive to the 30-year sentence assessed for the rape conviction.

The sufficiency of the evidence to sustain the three convictions is not questioned on appeal. It suffices to say that there was sufficient evidence introduced at trial from which the jury could have found, beyond a reasonable doubt, that in the early morning hours of July 29, 1983, Atkins forcibly entered the apartment of a female, C.S., by gaining entry through a window. After a struggle with his victim, Atkins overcame her will to resist, by threatening to stab her with a knife he displayed, and forcibly raped her.

Atkins first contends the trial court erred in overruling his motion to suppress evidence of a knife taken from his person when he was arrested several days after the date of the burglary-rape, and by admitting it into evidence, because the knife was not shown to be the knife used by the assailant of C.S. during the rape in question.

■ The record shows that when arrested, Atkins was in possession of a brown-handled pocketknife, which a police officer testified C.S. identified "as the one that was used on her." Trial court rulings regarding the relevancy, materiality, and admissibility of the evidence are discretionary and are not to be overturned absent a showing of abuse of that discretion. *State v. Blair*, 638 S.W.2d 739, 757 (Mo.banc 1982), *cert. denied*, 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1030 (1983). No such abuse is shown here.

The victim's identification of the knife taken from Atkins' pocket was unequivocal. Even if, as one police officer testified, C.S. said the knife looked "similar" to the one used in the attack on her, such testimony would have been sufficient. *State v. Fristoe*, 620 S.W.2d 421, 425 (Mo.App. 1981). The point has no merit.

■ Atkins next contends that the trial court erred in admitting into evidence State's Exhibit 13, a photograph of a lineup containing him, and testimony of the victim that she picked Atkins out of the lineup as the person who had raped her, because the

exhibit and testimony represented "a prior and consistent statement by a witness who had not been impeached and a prejudicial inference based on impermissible hearsay."

In his motion to suppress identification, defense counsel urged that Atkins was arrested without probable cause and that his subsequent out-of-court identification was "the product result and poisonous fruit or [sic] said unlawful arrest." It was also alleged that the lineup procedures were inherently suggestive so as to violate Atkins' constitutional rights.

After an evidentiary hearing in which both these allegations were conclusively refuted, the motion to suppress identification was overruled. At trial, C.S. identified State's Exhibit 13 as a photograph of a lineup she had viewed, and testified that she had picked Atkins out of the lineup as the person who had raped her.

Our Supreme Court has held that testimony of an identifying witness as to his pretrial identification of the defendant is not improper bolstering, or hearsay, and is admissible. *State v. Quinn*, 594 S.W.2d 599, 603 (Mo.banc 1980). The point is denied.

Atkins next alleges that the trial court erred by admitting into evidence the victim's robe, nightgown and the sheets from her bed, claiming they failed to support any material fact.

■ Evidence is relevant and admissible if it tends to logically prove or disprove facts in issue, or if it corroborates other material evidence. *State v. Berry*, 609 S.W.2d 948, 954 (Mo.banc 1980). The articles were found by police at the crime scene. The robe and sheets contained seminal stains, while the nightgown was torn and bloody. This evidence corroborated the victim's story that she had been raped and that her lip had been cut during her struggle with Atkins.

■ While it is true that, for some reason, C.S. was not asked by the prosecuting attorney at trial to personally identify the articles in question, police officers testified that the woman was wearing the robe and that the nightgown and sheets were on the bed when they examined the crime scene

shortly after the rape occurred. The evidence was relevant and material. The trial court did not abuse its discretion in admitting the articles into evidence. *State v. Blair*, supra, 638 S.W.2d at 757. The point has no merit.

Finally, Atkins asserts that the trial court erred in finding him to be "a prior offender, a persistent offender, and a persistent sexual offender in that the procedure used violated defendant's right to due process of law and equal protection."

The point, as stated, preserves nothing for appellate review, as it does not explain why the "procedure used" violated Atkins' constitutional rights. Rule 30.06(d). Plain error review is not justified as the record clearly shows that Atkins was represented by counsel when he entered pleas of guilty in 1961 to charges of first degree burglary and forcible rape and that there was no evidence presented to the trial court to show that those pleas were not voluntary. *See State v. Quinn, supra,* 594 S.W.2d at 601–602. The point is denied.

The judgment and sentences of the trial court are affirmed.

DOWD, P.J., and KELLY, J., concur.