**Willie Lee ATKINS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 52929.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 20, 1987.

Motion for Rehearing and/or Transfer
Denied Nov. 24, 1987.

Application to Transfer Denied
Jan. 20, 1988.

Henry B. Robertson, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted by a jury of burglary in the first degree, § 569.160, RSMo 1986; rape, § 566.030, RSMo 1986; and armed criminal action, § 571.015, RSMo 1986. Movant was sentenced as a persistent offender and persistent sexual offender

to fifteen years for burglary, thirty years for rape, and fifteen years for armed criminal action, with the sentences for burglary and armed criminal action to run concurrently with one another, but consecutively with the sentence for rape. His conviction was affirmed in *State v. Atkins,* 697 S.W.2d 226 (Mo.App.1985).

On June 19, 1986, movant filed his 27.26 motion *pro se,* seeking to set aside his convictions and sentences. In October 1986, movant filed an amended motion with the assistance of counsel which incorporated his *pro se* motion. On December 12, 1986, the trial court denied the motion without an evidentiary hearing.

■ In order to be entitled to an evidentiary hearing, a 27.26 motion must allege facts, not conclusions, which warrant relief and are not refuted by the record. *Reed v. State,* 715 S.W.2d 24, 25 [1] (Mo.App.1986). Our review of 27.26 proceedings is limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.26(j).

■ Movant asserts several grounds for his motion; however, they all fall within the ambit of ineffective assistance of counsel. In order to prove ineffective assistance of counsel, movant must show the performance of his trial counsel lacked the care and skill of a reasonably competent attorney rendering similar services under the existing conditions, which resulted in prejudice to movant. *Makenson v. State,* 719 S.W.2d 112, 113 [2] (Mo.App.1986).

Defendant first claims his counsel was ineffective because he failed to submit the definitional instruction of "serious physical injury" for the rape charge.

■ The general rule is that instructional error is not cognizable in a 27.26 proceeding. *Williams v. State,* 712 S.W.2d 404, 406 [1] (Mo.App.1986); *Hanson v. State,* 684 S.W.2d 337, 339 [1] (Mo.App. 1984). An exception exists only if it "rises to the level of constitutional error." *Id.* A constitutional error is defined as one so glaring it causes "a substantial deprivation of the right to a fair trial." *Id.* Considering our previous decisions regarding the omission of this instruction, as well as the facts of this particular case, review is not warranted. *See State v. Allbritton,* 660 S.W.2d 322, 328 [6] (Mo.App.1983); *State v. Van Doren,* 657 S.W.2d 708, 713 [5] (Mo. App.1983); *see also State v. Blockton,* 703 S.W.2d 500, 504 [1] (Mo.App.1985) (involved use of a gun, but incorporated the previous cases involving use of a knife).

Movant's second point contains four instances in which he alleges his counsel was ineffective. We will discuss each allegation separately.

■ Movant's first allegation states his counsel met with him only once before trial, and as a result was inadequately prepared for trial. Movant does not state how long he spoke with counsel, what they discussed, or how he was prejudiced by the single meeting. The fact that counsel spent a short time in interviewing his client does not in and of itself show inadequacy of counsel. *Mason v. State,* 468 S.W.2d 617, 622 [3] (Mo.1971); *Babcock v. State,* 485 S.W.2d 85, 89 [4] (Mo.1972). Thus, this allegation is insufficient to constitute ineffective assistance of counsel.

■ Movant's second allegation states his counsel failed to discover or utilize exculpatory reports. He states only that his lawyer could have subpoenaed a crime lab technician to show no test performed tied movant to the rape. In order to establish ineffectiveness of counsel where counsel doesn't produce a witness, movant must show the testimony would have helped movant. *Merritt v. State,* 650 S.W.2d 21, 23 [5] (Mo.App.1983). Movant fails to state what tests were performed and how they would have helped him; therefore, this allegation also fails.

■ Next movant alleges his counsel was ineffective because he failed to adequately cross-examine the victim. This conclusion is not supported by any facts whatsoever. In addition, the general rule is "the extent of cross-examination and the subjects covered must in virtually every case be left to the judgment of counsel." *Williams,* 712 S.W.2d at 409 [8]. Thus, this assertion fails as well.

■ Movant finally contends his counsel was ineffective in failing to preserve his challenge to enhancement of punishment by involuntary, uncounseled prior pleas of

guilty. Although on direct appeal the appellate court held this point was not preserved for review, there was no prejudice because they nevertheless examined the issue and found "the record clearly shows that Atkins was represented by counsel when he entered [the] pleas of guilty ... and that there was no evidence presented to the trial court to show that those pleas were not voluntary." *State v. Atkins*, 697 S.W.2d 226, 228 (Mo.App.1985). "Grounds stated in a Rule 27.26 motion concerning matters considered and rejected in a direct appeal of a criminal case are not to be reconsidered in a postconviction proceeding." *Seltzer v. State*, 694 S.W.2d 778, 780 [3] (Mo.App.1985). We also note movant does not.allege any facts in his motion to support the allegation that his prior guilty pleas were either uncounseled or involuntary.

For all of the foregoing reasons, we find movant was not entitled to an evidentiary hearing.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.