**Russell HADLEY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15955.**

Missouri Court of Appeals,
Southern District,
Division One.

June 9, 1989.

Elizabeth Clarke, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., for respondent.

GREENE, Judge.

Russell Hadley was jury-convicted of sodomy, § 566.060,[1] first degree robbery, § 569.020, and armed criminal action, § 571.015. Thereafter, he was sentenced as a first offender to a term of 30 years' imprisonment for each offense, with the sentences to run consecutively. The offenses in question consisted of breaking into the mobile home of an 82 year-old widow, robbing her after threatening her with a knife, and brutally sodomizing her. The convictions and sentences were affirmed on direct appeal. *State v. Hadley,* 736 S.W.2d 580 (Mo.App.1987).

Hadley then filed a Rule 29.15 motion seeking to vacate his judgments of conviction and the ensuing sentences. The motion, as amended, alleged approximately 25 examples of ineffective assistance of trial counsel through lack of adequate preparation and incompetent trial performance. Since the motion contained allegations of material facts which, if true, would entitle Hadley to relief, the circuit court held an evidentiary hearing. Subsequently, the court made findings of fact and conclusions of law, and entered judgment denying relief.

On appeal, Hadley relies on three points of claimed error, all of which attack the hearing court's findings, conclusions, and judgment. Appellate review of the court's rulings and actions in post-conviction proceedings is limited to a determination of whether the findings and conclusions of the motion court were clearly erroneous. Rule 29.15(j). Those findings and conclusions cannot be deemed erroneous unless, after a review of the entire record, the appellate court firmly believes that material mistakes of fact or law are the basis for such findings and conclusions. *Cook v. State,* 752 S.W.2d 483, 484 (Mo.App.1988).

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

■ The first complaint on appeal raised by Hadley is that his trial counsel was ineffective by allowing the victim of the robbery and sodomy to testify concerning an attempted break-in at her mobile home that occurred subsequent to the date of the crimes charged against Hadley. Hadley contends this was prejudicial to him because there was no evidence connecting him with the subsequent attempt.

In connection with this point, the motion court found and concluded as follows:

[M]ovant also claims that he was coerced into testifying by his counsel's failure to object to evidence of the second break-in at the victim's residence. The court had already stated that such evidence would be permitted because it bore directly on the issues of identity, motive, and common scheme of plan. Therefore, counsel knew that any objection would be overruled. In any event, the Court finds that the decision had already been made prior to trial that movant would take the stand and testify in his own behalf, therefore, this ground is ruled against movant.

An examination of the record indicates that trial counsel had filed a motion in limine in an attempt to have the trial court exclude the evidence in question, but that such motion was overruled. In addition, it appears in the trial transcript, of which we take judicial notice, that when defense counsel was relating his objections to testimony concerning the subsequent break-in, the trial court observed:

Well, as I indicated before we started the trial this morning, I think that most important probative value of this is the bearing it has on the question of motive. As I indicated then the ... for a 23 year old man to have sexual desires towards an 82, 83 year old woman is rather bizarre and the attempt to break in on the 15th indicates that that person had a ... that kind of motive to get into that mobile home.

There is nothing in the record to indicate that further objections by defense counsel would have been to any avail. It is not ineffective assistance of counsel to fail to make useless objections. *State v. Jones*, 652 S.W.2d 223, 225 (Mo.App.1983). The findings and conclusions of the motion court on the issue are not clearly erroneous.

■ Hadley's second point relied on is that he was denied effective assistance of trial counsel because of his attorney's "failure to effectively cross-examine the victim and challenge her perceptions with known facts such as appellant's height and weight and the victim's hearing and sight deficiencies...." The question of the reliability of the victim's identification of Hadley as the perpetrator of the vicious crimes in question was extensively litigated, and decided adversely by this court on appeal. *State v. Hadley*, 736 S.W.2d at 591. On this issue, the motion court found and concluded:

[M]ovant claims that counsel should have been more vigorous in cross-examining the victim. The victim was an elderly widow, date of birth December 22, 1902, who has lived alone since the death of her husband and who had testified on direct that in addition to being sexually abused and sodomized, she had been robbed of what little money she had and of her husband's ring and of a bracelet that had been given to her by her son who 'did not come back from the war'. Obviously, this lady deserved and received a good deal of sympathy from the jury and defense counsel wisely exercised caution in his cross-examination. In doing this, the Court finds that he did not fail to exercise the customary skill and diligence required of him. Thus, movant failed to sustain the performance prong on this claim.

The trial transcript reveals that trial counsel did cross-examine the victim at length regarding her identification of Hadley as the person who committed the crimes in question. He established that the attack on her was at night, that she could only see the outline of her assailant's face, that he had dark hair, and that she never saw his full face. He also established that the victim used eye glasses when reading and driving, but that she did not have them on at the time of the assault. The record

indicates that trial counsel adequately examined the issue, while at the same time recognizing that hostile and abusive questioning could very well alienate the jury. They, understandably, would be sympathetic with the plight of an 82 year-old widow who was assaulted in her own bed, in her own home. The motion court's findings and conclusions were not clearly erroneous.

In his final point relied on, Hadley contends the motion court erred in "failing to enter specific findings of fact and conclusions of law concerning the issues of whether appellant was denied effective assistance of counsel by counsel's failure to make timely objections, timely motions, and cogent cross-examination of the victim...." He argues that Rule 29.15 requires such findings in that they are necessary for this court to engage in a meaningful review to determine whether the findings, conclusions and judgment of the motion court are clearly erroneous.

On this issue, the motion court found and concluded:

> Movant has listed some 25 failures on the part of his trial counsel. The standards to be applied to a claim of ineffective assistance of counsel are set out by the Court of Appeals in *Boggs v. State,* 742 S.W.2d 591 (Mo.App.1987).

> "In *Sanders v. State,* 738 S.W.2d 856 (Mo. banc 1987), the Supreme Court of Missouri, citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), held that in order to prevail on a claim of ineffective assistance of counsel, a prisoner seeking post-conviction relief under Rule 27.26 must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that the prisoner was thereby prejudiced. The prisoner must satisfy both the performance prong and the prejudice prong to prevail. *Sanders,* at 857. The Supreme Court of Missouri quoted the following standard from *Strickland:*

> 'The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' 466 U.S. at 686, 104 S.Ct. at 2064, 80 L.Ed.2d at 692–93."

> In his various claims, movant charges his trial attorneys with failure to file various motions, with failure to call certain witnesses, with failure to more vigorously cross-examine the victim and with failure to make certain objections. In all these claims, the Court finds that movant has failed to sustain his burden of proof on either the performance prong or the prejudice prong and in some cases, on both.

> For example, movant claims that counsel should have been more vigorous in cross-examining the victim. The victim was an elderly widow, date of birth December 22, 1902, who has lived alone since the death of her husband and who had testified on direct that in addition to being sexually abused and sodomized, she had been robbed of what little money she had and of her husband's ring and a bracelet that had been given to her by her son who 'did not come back from the war'. Obviously, this lady deserved and received a good deal of sympathy from the jury and defense counsel wisely exercised caution in his cross-examination. In doing this, the Court finds that he did not fail to exercise the customary skill and diligence required of him. Thus movant failed to sustain the performance prong on this claim.

> Movant makes several claims that his counsel failed to call certain witnesses whom he alleges could have provided an alibi or could have provided other testimony helpful to his case. However, none of these witnesses testified at the evidentiary hearing and the Court finds that movant has failed to show that any of them would have testified the way movant claims they would. Movant has failed to show that he was prejudiced by the failure to call these witnesses.

Movant claims that his counsel failed to file certain motions such as a motion to have the victim's hearing and eyesight tested or a motion for a change of venue. However, there is no evidence to show what the results of such tests would have been and thus no evidence to show movant was prejudiced by the failure to file such motions. As to the motion for change of venue, movant failed to show that there was sufficient grounds for a change of venue and failed to show that there was any problem in acquiring a full panel of jurors who had never heard of the movant or the victim or the crime.

Without going through each of the approximate 25 points under this ground, the Court finds that movant has failed to sustain his burden of proving ineffective assistance of counsel.

■ While the law requires specific findings and conclusions, *Gaines v. State,* 620 S.W.2d 402, 403 (Mo.App.1981), this requirement is satisfied when the motion court makes findings on all issues that are sufficient enough to enable the reviewing court to examine movant's claims of motion court error. *Seltzer v. State,* 694 S.W.2d 778, 779 (Mo.App.1985).

We have evaluated the entire record, and find that it supports the motion court's determination that Hadley's claims of ineffective assistance of trial counsel are groundless. The motion court's conclusion that Hadley failed to sustain his burden of proving that his trial counsel was ineffective in any of the 25 claims is not clearly erroneous.

The motion court's order overruling Hadley's motion to vacate is affirmed. Hadley's pro se motion for remand and new evidentiary hearing that was taken with the case is denied.

HOLSTEIN, C.J., and CROW, P.J., concur.