Robert L. TIDWELL, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 42119.

Missouri Court of Appeals,
Western District.

Feb. 27, 1990.

Janet M. Thompson, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before ULRICH, J., Presiding, and SHANGLER and TURNAGE, JJ.

ULRICH, Judge.

Robert Tidwell appeals the denial of his Rule 27.26[1] motion. Mr. Tidwell was convicted by a jury on September 11, 1985, of first degree robbery (§ 569.020, RSMo 1978) and armed criminal action (§ 571.015, RSMo 1978). He was sentenced to thirty years incarceration for the robbery conviction, and to life imprisonment for the armed criminal action conviction, the sentences to run consecutively. Mr. Tidwell's judgment and sentence were affirmed on appeal by this court on January 20, 1987. *State v. Tidwell*, 726 S.W.2d 380 (Mo.App.1987). The judgment denying Mr. Tidwell's Rule 27.26 motion is affirmed.

On May 21, 1985, the Midway Pharmacy, Independence, Missouri, was robbed by two men. George Underwood, pharmacist, and Denise Underwood, his niece, observed the two robbers. During the robbery, Mr. Underwood wrestled with one of the robbers. The robber's baseball cap and sunglasses were removed during the struggle. The robber's face was several inches from Mr. Underwood's eyes during the altercation, which lasted ten to fifteen seconds.

George Underwood was called as a witness by the state during trial. Without objection, Mr. Underwood identified Mr. Tidwell as one of the robbers. However, he testified that the evening of the robbery, police officers showed him a series of photographs, and he was unable to recognize anyone depicted in the photographs as one of the two robbers. The next day, police officers again presented him with a series of photographs that included Mr. Tidwell's picture for the first time. Although he did not identify any of the men depicted by the photographs as one of the robbers, he "had some feelings" about Mr. Tidwell's photograph. Mr. Underwood testified that he earlier went to the Jackson County Courthouse in Independence to testify at the preliminary hearing of the second person charged in the robbery. He stated that he was seated in the rear of the courtroom when he observed Mr. Tidwell walk into the courtroom. He immediately recognized Mr. Tidwell as the robber with whom he had wrestled.

Mr. Tidwell's Rule 27.26 motion contends that his trial attorney rendered ineffective assistance in violation of the Sixth and Fourteenth Amendments to the United States Constitution guaranteeing a defendant in a criminal case the right to effective assistance of counsel. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Perkins–Bey v. State*, 735 S.W.2d 170, 171 (Mo.App.1987). Specifically, Mr. Tidwell contends that his trial counsel's failure to timely move before trial to suppress his identification as one of the robbers by George Underwood, and his counsel's failure to object at trial to Mr.

---

**1.** Sentence was pronounced on October 25, 1985, and a motion under Rule 27.26 was filed on November 6, 1987. Therefore, postconviction relief shall continue to be governed by the provisions of Rule 27.26, in effect on the date the postconviction motion was filed. Rule 29.-15(m).

Underwood's testimony about his earlier recognition of Mr. Tidwell at the courthouse as one of the robbers breached the standard of assistance required by law and necessitates that his judgment of conviction and sentence be vacated and that he be granted a new trial.

A convicted movant who alleges in a postconviction motion that his trial counsel provided ineffective assistance at trial bears the burden of proving his claims by a preponderance of the evidence. Rule 27.-26(f). When reviewing a court's decision on a postconviction motion, this court must determine whether the motion court's findings, conclusions and judgment were clearly erroneous. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989); Rule 27.26(j).

To be successful on a claim of ineffective assistance of counsel, a movant must demonstrate that his attorney failed to exercise the degree of skill and diligence that can be expected of a reasonably competent attorney under similar circumstances and that the movant's defense was prejudiced by the deficient or inadequate performance of counsel. *Strickland v. Washington*, 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984); *Kenley v. State*, 759 S.W.2d 340, 344 (Mo.App.1988). To establish prejudice, the movant must show that there is a reasonable probability that, but for his attorney's errors, the finder of fact would have had a reasonable doubt about his guilt. *Strickland*, 466 U.S. at 694–95, 104 S.Ct. at 2068.

■ The failure of defense counsel to file a motion to suppress does not necessarily constitute ineffective assistance of counsel. *Lowe v. State*, 468 S.W.2d 644, 646 (Mo.1971). Also, the failure to object to testimony or evidence is often described as trial error not warranting relief, and the matter is usually left to the judgment of the trial attorney. *Mills v. State*, 757 S.W.2d 630, 634 (Mo.App.1988). Reliability assessed under the totality of the circumstances is the criterion in determining the admissibility of identification testimony. *State v. Williams*, 717 S.W.2d 561, 564 (Mo.App.1986). The crucial test is two-pronged: (1) was the pretrial identification

procedure suggestive, and (2) if so, what impact did the suggestive procedure have upon the reliability of the identification made by the witness. *Id.* at 564.

■ Mr. Underwood recounted chronological events following the robbery that led to his identification of Mr. Tidwell as one of the robbers. He was shown two photo displays pursuant to police procedure. However, Mr. Underwood did not identify Mr. Tidwell's picture from either photo display. He recounted that he first identified Mr. Tidwell as one of the robbers at another person's scheduled preliminary hearing, a court procedure. The identification was inadvertent. It was not a police investigative procedure. Therefore, the test employed when evaluating identification procedures utilized by police officers, "balancing the likelihood of irreparable misidentification against the necessity for the government to use the identification procedures questioned," is not applicable. *State v. Lawrence*, 700 S.W.2d 111, 112 (Mo.App.1985), *cert. denied*, 476 U.S. 1106, 106 S.Ct. 1951, 90 L.Ed.2d 361 (1986). When police procedures used to identify a suspect are not in question, and when it is alleged that nongovernmental sources have influenced the perception or memory of a witness, the trier of fact will determine the extent to which the witness' perception or memory has been influenced. *Id.* at 112. *See also, United States v. Peele*, 574 F.2d 489, 491 (9th Cir.1978); *State v. Little*, 674 S.W.2d 541–42 (Mo. banc 1984), *cert. denied*, 470 U.S. 1029, 105 S.Ct. 1398, 84 L.Ed.2d 786 (1985).

■ The motion court concluded that the evidence presented at the Rule 27.26 hearing failed to establish that Mr. Tidwell's attorney's failure to file a pretrial motion to suppress Mr. Underwood's identification and his failure to object to Mr. Underwood's identification testimony at trial breached the standard required by attorneys representing accused persons in criminal cases. Analysis of the trial and Rule 27.26 hearing evidence supports the court's finding. Mr. Underwood was present at the robbery, observed both robbers and wrestled with the more elder of the two.

He observed the elder robber's face, inches away from his own, without obstruction, for ten to fifteen seconds. Mr. Underwood was at the courthouse for the preliminary hearing of another person charged as the second robber when he observed Mr. Tidwell walk into a courtroom at the Jackson County courthouse, Independence. He identified Mr. Tidwell immediately as the elder robber with whom he had wrestled. A timely pretrial motion to suppress Mr. Underwood's testimony and objection to Mr. Underwood's identification testimony at trial would have been unsuccessful. An attorney will not be held to have been ineffective for failing to make a useless motion, *Hadley v. State*, 771 S.W.2d 943, 945 (Mo.App.1989), or an objection that lacks merit. *Kennedy v. State*, 771 S.W.2d 852, 858 (Mo.App.1989).

The court granted Mr. Tidwell authority to file a supplemental brief to raise an additional issue for appellate consideration. He contends his trial attorney's failure to object to the form of an instruction constituted ineffective assistance of counsel in breach of the acceptable standard to his prejudice. *See Atkins v. State*, 741 S.W.2d 729 (Mo.App.1987). The supplemental brief failed to include the criticized instruction, as required by Rule 84.04(e), and the record does not contain the instruction as required by Rule 81.12(c). This court is unable to review a claim pertaining to an instruction when the instruction is not a part of the record. *State v. Young*, 661 S.W.2d 637, 640 (Mo.App.1983).

Additionally, instructional error is not cognizable in a Rule 27.26 proceeding unless the alleged error "rises to the level of constitutional error." *Atkins*, 741 S.W.2d at 731. A constitutional error is defined as one so glaring that it substantially deprives an accused of a right to a fair trial. *Id.* Mr. Tidwell contends that because a stated element to each offense charged was the same, that a "deadly weapon" was used, and because the only other stated element in the armed criminal action verdict directing instruction was the commission of the armed robbery, by finding him guilty of armed robbery, the jury was compelled to find him guilty of armed criminal action, too. He claims that the failure of his trial counsel to object to the use of a "deadly weapon" as an element in both counts was error depriving him of effective assistance of counsel.

The essence of Mr. Tidwell's claim is that the words "use of a deadly weapon" as an element in each count resulted in violation of the double jeopardy provisions of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, § 19 of the Missouri Constitution. This contention fails. The legislature clearly intended that the penalty for committing robbery will be enhanced if the jury determines that a deadly weapon was used during the robbery. *Sours v. State*, 593 S.W.2d 208, 216 (Mo. banc 1980), *cert. denied*, 449 U.S. 1131, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981). The United States Supreme Court stated in *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), that if "a legislature specifically authorized cumulative punishment under two statutes, regardless of whether those statutes proscribe the 'same' conduct ... a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Hunter*, 459 U.S. at 368–69, 103 S.Ct. at 679; *see also, State v. Kirksey*, 713 S.W.2d 841 (Mo.App.1986). His lawyer's failure to object to "use of a deadly weapon" as an element in both counts was not error.

A review of the entire record does not leave this court with a definite and firm impression that a mistake has been made, and, therefore, the motion court's findings of fact and conclusions of law are not clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

The judgment is affirmed.

All concur.