Russell Bryan HADLEY, Appellant,

v.

Paul CASPARI, Appellee.

No. 94–1510.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1994.

Decided Sept. 28, 1994.

Burton Newman, St. Louis, MO, argued, for appellant.

Michael Joseph Spillane, Jefferson City, MO, argued (Jeremiah W. (Jay) Nixon and Michael J. Spillane, on the brief), for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Russell Bryan Hadley, an inmate at the Missouri Eastern Correctional Facility in Pacific, Missouri, filed a petition for habeas corpus relief which included claims of ineffective assistance of trial counsel. *See* 28 U.S.C. § 2254. The district court denied Hadley's request for a full evidentiary hearing and denied his petition, finding that his ineffective assistance claims were procedurally barred due to failure to raise them to the Missouri Court of Appeals. Hadley contends that the district court erred in finding these claims procedurally barred. We agree.

■ Claims presented in a habeas corpus petition will not be procedurally barred so long as the state appellate court has given "at least cursory consideration" to them. *Kennedy v. Delo,* 959 F.2d 112, 117 (8th Cir.), *cert. denied,* ―― U.S. ――, 113 S.Ct. 168, 121 L.Ed.2d 116 (1992). The record shows that Hadley raised his ineffective assistance claims in his Rule 29.15 postconviction motion and that, on consolidated appeal, the Missouri Court of Appeals addressed the merits of these claims. The court stated:

> We have evaluated the entire record, and find that it supports the motion court's determination that Hadley's claims of ineffective assistance of trial counsel are groundless. The motion court's conclusion that Hadley failed to sustain his burden of proving that his trial counsel was ineffective in any of the 25 claims is not clearly erroneous.

*Hadley v. State,* 771 S.W.2d 943, 947 (Mo.Ct. App.1989). Moreover, the court did not reach the merits simply as an alternate holding to a finding of procedural bar. *Cf. Pollard v. Delo,* 28 F.3d 887, 889 (8th Cir.1994) ("The Missouri Supreme Court did consider the merits of this claim, but only 'as a matter of grace.' ... The consideration and rejection of the claim on the merits, however, does not erase the fact that the court specifically and clearly found that the claim was procedurally barred....").

**52**

Accordingly we reverse the district court and remand for an evidentiary hearing on Hadley's claims.